### GILMAN CURRIER *vs.* JOSEPH W. DAVIS.

A borrower of money who gives a check therefor, agreeing that it shall be held as evidence of the loan and need not be presented to the drawee, is liable to the lender, in an action for money lent, for the amount of the check, and interest.

In an action on a debt payable in gold, judgment should be rendered for the amount of the debt in gold with interest, and not for an amount in legal tender notes equal to the value of the gold in such notes at the time when the debt fell due.

CONTRACT. The first count was on an account annexed, the first item of which was to " amount of cash borrowed, $1000." Another count alleged that the defendant, for value, gave the plaintiff the following instrument: " $585 in gold. Boston, December 29, 1868. Pay to Gilman Currier or order five hundred and eighty-five dollars in gold. Joseph W. Davis; " that the plaintiff presented it immediately to the defendant; that the defendant refused to pay it; and that gold was at that time at a premium of fifty cents on the dollar.

At the trial in the Superior Court, at January term 1871, before *Putnam*, J., the plaintiff offered in evidence a check for $1000 on the National Hide and Leather Bank, dated November 18, 1868, payable to the plaintiff or order and signed by the defendant. He also offered evidence that he never presented this check to the bank; that it was given to him for money lent to the defendant; that it was agreed between him and the defendant, at the time he received it, that it should not be presented to the bank for payment, but was to be held by the plaintiff as evidence of the defendant's indebtedness, and to be paid by the defendant on demand; and that he demanded payment of the defendant. The defendant objected to the admission of the evidence, but the judge admitted it.

It appeared that the plaintiff demanded payment of the note for $585 on January 1, 1869, and that the defendant refused it.

The defendant requested the judge to rule that the plaintiff could not recover on the check for $1000; and that on the note for $585 he could recover " only such sum as that amount in gold, with interest to the present time, reduced to currency at the present value of gold, would amount to."

The judge declined so to instruct the jury, but instructed them that the plaintiff could recover the amount due upon the check for $1000, notwithstanding it had never been presented to the bank for payment, if they believed that it was originally agreed between the parties that it was to be held as evidence of the loan, and not to be so presented ; and that the plaintiff was entitled to recover upon the note for $585 such sum as that amount of gold was worth in currency, on January 1, 1869, to which sum they would add interest from that date.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. M. Way*, for the defendant.

*J. W. Hubbard*, for the plaintiff.

By the Court. The defendant has no ground of exception to the rulings and instructions as to the check dated November 18, 1868. The borrower of money, who gives a check therefor, agreeing that it shall be held as evidence of the loan and need not be presented to the drawee, is liable to the lender, in an action for money lent, for the amount of the check, and interest.

But the ruling requested and that given as to the amount which the plaintiff might recover on the note dated December 29, 1868, had no foundation in principle or authority. That note being for a fixed sum of money, and expressed to be payable in gold, the plaintiff was entitled to judgment for the amount thereof in gold, with interest. *Stark* v. *Coffin*, 105 Mass. 328, 334.

*Exceptions sustained as to damages only.*