CHURCHMAN v. MARTIN.

CONSTITUTIONAL LAW.—*Impairing Obligation of Contracts.—Act in Relation to Attorneys' Fees.*—The act approved March 10th, 1875, 1 R. S. 1876, p. 149, in relation to agreements contained in bills of exchange, drafts, acceptances, promissory notes, etc., for the payment of attorneys' fees, is

Churchman v. Martin.

not unconstitutional, as being an act impairing the obligation of contracts.

PROMISSORY NOTE.—*Attorney Fees.—Payable on Condition.*—An agreement contained in a promissory note to pay a certain per centum as attorney fees, "if suit be instituted" thereon, is illegal and void, and can not be considered in estimating the amount of the recovery in a suit upon such note.

SAME.—*Payable in Gold on Condition.*—In an action upon an unpaid, matured promissory note, payable "in the gold coin of the United States", a condition, therein expressed, that "if this note is paid at maturity, or before suit is brought thereon, then it shall be payable in any lawful money of the United States," does not take away the plaintiff's right to recover judgment payable in such gold coin.

SAME.—*Error of State Court.—Writ of Error.—United States Supreme Court.*— In a suit in a state court upon a promissory note, payable in the gold coin of the United States, if such court refuses to render a judgment thereon payable in such coin, the Supreme Court of the United States has jurisdiction of such cause on a writ of error to such state court.

SAME.—*Legal Tender Act.*—The legal tender act of the United States applies only to debts payable in money, generally, and not to debts payable in coin.

SAME.—*Jurisdiction.*—Where the question involved in a cause appealed to the supreme court of this state arises under the constitution and laws of the United States, and has been decided by the supreme court of the United States, that decision is binding upon the former court.

SAME.—*Expenses of Collection.—Usury.*—A clause in a promissory note, providing for the payment of a certain per centum thereon as "expenses of collection," or as "exchange and other expenses incident to the collection thereof", "other than attorney fees, if suit be instituted on this note", is valid, is not usurious, and may be enforced in a suit thereon.

SAME.—*Attorney Fees.—Unconditional Promise.*—A clause of a promissory note, promising to pay a certain per centum attorney fees, unconditionally, is valid, and in a suit upon such note, the judgment must include such percentage.

From the Marion Circuit Court.

*B. Harrison, C. C. Hines, W. H. H. Miller, C. Baker, O. B. Hord* and *A. W. Hendricks*, for appellant.

*C. A. Buskirk*, for appellee.

WORDEN, C. J.—Action by the appellant, against the appellee, upon five several promissory notes executed by the defendant to the plaintiff.

The notes were all dated March 18th, 1875, at Indianap-

olis, Indiana, and each was for the payment of the sum of . one hundred and thirty-three dollars, one day after date, and all, except the third, bore interest at the rate of ten per cent. per annum from date.

The note first counted upon contained the following clause, " and ten per cent. attorney fees, if suit be instituted on this note."

The second note was payable " in the gold coin of the United States," and it was therein stipulated that " if this note is paid at maturity, or before suit is brought thereon, then it shall be payable in any lawful money of the United States."

The third note contained the following clauses : " and five per cent. attorney fees." " With six per cent. interest from date, and if not paid at maturity, ten per cent. interest from date, until paid."

The fourth stipulated for the payment of " five per cent. expenses of collection, other than attorney fees, if suit be instituted on this note."

The fifth and last note contained a clause stipulating to pay " five per cent. for exchange and other expenses incident to the collection thereof, other than attorney fees, if suit be instituted on this note."

On issue joined there was a trial by the court, resulting in a finding and judgment for the plaintiff. But the court refused to allow the plaintiff the ten per cent. for attorney fees, as stipulated for in the first note. The court also refused to render judgment that the amount due on the second note be collected in gold coin. The court furthermore refused to allow the five per cent. for expenses of collection and exchange, stipulated for in the fourth and fifth notes. The appellant has duly preserved the questions arising upon these rulings.

The court allowed the five per cent. attorney fees, and interest, as stipulated for in the third note, and the appellee has preserved, and by a cross error has here raised, the question arising upon this ruling.

By an act approved March 10th, 1875, 1 R. S. 1876, p. 149, it was provided "that any and all agreements to pay attorney fees, depending upon any condition therein set forth, and made part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are hereby declared illegal and void: *Provided*, that nothing in this section shall be construed as applying to contracts made previous to the taking effect of this act." The act took effect from and after its passage, and was, therefore, in force when the notes in suit were executed.

The agreement in the first note to pay attorney fees is clearly within the terms of the statute, for it is made upon the condition set forth in the note, that suit be instituted on the note. But it is claimed by the appellant that the act is unconstitutional and void. We are not aware of any provision, either in the federal or state constitution that is violated by the act in question. It is true, the federal constitution provides that no state shall pass any law impairing the obligation of contracts. But a law prohibiting the making of certain contracts is a very different thing from a law impairing the obligation of contracts. A contract made in violation of law has no obligatory force whatever. It is said, in 2 Story Const., p. 241, sec. 1380, 4th Ed., in speaking of the provision above mentioned, "It is the civil obligation of contracts which it is designed to reach; that is, the obligation which is recognized by and results from the law of the state in which it is made. If, therefore, a contract, when made, is, by the law of the place, declared to be illegal, or deemed to be a nullity, or a *nude pact*, it has no civil obligation, because the law in such cases forbids its having any binding efficacy or force."

By the constitution of the state the legislative authority is vested in the general assembly. Const., art. 4, sec. 1, 1 R. S. 1876, p. 27. When, therefore, an act of the general assembly is passed, which violates no provision of the fed-

eral or state constitution, the judicial department can not hold it to be void on the ground that it is wrong, or unjust, or violates the spirit of our institutions, or impairs natural rights. Upon this point we refer to an extract from the opinion of the supreme court of Pennsylvania, contained in the case of *Welling* v. *Merrill,* 52 Ind. 350.

We think the court below committed no error in its ruling in respect to the first note.

The second note, as has been stated, was payable in gold coin of the United States, with a subsequent provision that if paid at maturity or before suit brought, it should be paid in any lawful money of the United States. And on this note the plaintiff asked that judgment be rendered, payable in gold coin of the United States; but this was refused.

It is now settled by the supreme court of the United States, that the legal tender act applies only to debts payable in money generally, and not to debts payable in coin. It is also held, by the same court, that under the constitution and laws of the United States, the holder of a note payable in coin or specie, is entitled to a judgment for its payment in accordance with the terms of the note. And it is further held, by the same court, that where a state court refuses to render the proper judgment in such cases, the supreme court of the United States have jurisdiction on writ of error to the state court. *Trebilcock* v. *Wilson,* 12 Wal. 687; *Bronson* v. *Rodes,* 7 Wal. 229; *Butler* v. *Horwitz,* 7 Wal. 258. See, also, *Phillips* v. *Dugan,* 21 Ohio State, 466; *Chrysler* v. *Renois,* 43 N. Y. 209; *Stark* v. *Coffin,* 105 Mass. 328; *Currier* v. *Davis,* 111 Mass. 480; *McCalla* v. *Ely,* 64 Pa. State, 254.

The question involved being one which arises under the constitution and laws of the United States, we are bound by the decisions of the supreme court thereof upon it. And we must hold that the plaintiff was entitled to a judgment for the collection of the amount due upon this note, in gold coin of the United States, unless the subsequent

Churchman *v.* Martin.

clause in the note takes away the plaintiff's right to payment in coin, as stipulated for. The primary and principal obligation was for the payment of the amount in gold coin, as stated; but to this was added a clause, that, if the note should be paid at maturity or before suit should be brought upon it, it should be payable in any lawful money of the United States. The note, however, was not paid at maturity or before suit was brought upon it; and we see no ground on which it can or ought to be held that the plaintiff was not entitled to payment in coin as stipulated for. The condition, on which the defendant was entitled to pay in any lawful money of the United States, was not by him performed. Hence, the plaintiff was entitled to payment in coin, as stipulated for.

We are of opinion, therefore, that the court erred in not rendering judgment for the collection of the amount due upon this note, in gold coin of the United States, as stipulated for in the note.

We come now to the fourth and fifth notes. These may be both considered together. The fourth contained a stipulation to pay five per cent. expenses of collection, other than attorney fees, if suit should be instituted on the note; and the fifth, to pay five per cent. exchange and other expenses incident to the collection thereof, other than attorney fees, if suit should be instituted on the note.

If these stipulations were not a mere cover for usury, we discover no legal objection to them. It did not appear that they were designed to obtain usurious interest. The parties had a right to make such contract as they chose, not in violation of any law. The stipulations do not violate the statute hereinbefore set out on the subject of contracts for the payment of attorney fees. By that statute, certain agreements for the payment of attorney fees are declared illegal and void. But that statute does not make any other agreements void. It will not do to

say that, because the legislature has declared a particular class of contracts void, parties may not make other and different contracts, not prohibited, which will be as beneficial as those prohibited. If the stipulations under consideration are void, it must be upon other grounds than the violation of the statute mentioned.

With regard to exchange, it is clear that parties may legally contract to pay it, where it is not designed to cover usury. *The State Bank of Indiana* v. *Rodgers*, 3 Ind. 53; *Cornell* v. *Barnes*, 26 Wis. 473; *Buckingham* v. *McLean*, 13 How. U. S. 151.

The other stipulations in these two notes are within the class that have been upheld by this court. Thus, in *Gambril* v. *Doe*, 8 Blackf. 140, a mortgage had been given to secure the payment of a sum of money, and it contained the following stipulation, viz.: "And I do agree that said land, and all my right, title, interest, and claim therein may be exposed to sale, if such principal and interest be not paid at the time the same shall become due, to satisfy said principal and interest, with five per cent. damages thereon, and all costs." The court said, in speaking of this provision, "this, we think, is a reasonable stipulation to allow compensation for extra and incidental trouble and expense, and does not, in our opinion, render the contract usurious."

In the case of *Billingsley* v. *Dean*, 11 Ind. 331, a note was given containing the following stipulations, viz.: "And if any instalment of the interest or the principal sum aforesaid should not be paid when due, I promise to pay to said Thompson Dean all attorneys' fees and other costs and charges for the collection thereof," etc. The court said of the stipulation, "it was optional with Billingsley whether he should become liable to pay the expenses of collecting the debt. That liability could only result from his own default. And evidently, when a party agrees to indemnify another against the consequences of his own act, he can not complain if his contract is en-

forced against him. The agreement in the case is reasonable, and there is certainly no good reason why an agreement on the part of the debtor to pay an expense resulting necessarily from his own act should not be held valid in law."

The above observations, while they may not be applicable to contracts prohibited by the statute before mentioned, are entirely applicable to the contracts contained in the two notes now under consideration, which, as before stated, are not prohibited by that statute.

We may remark, before closing our observations upon these two notes, that the court precluded any inquiry into the question of usury, by striking out of the paragraphs of the complaint based upon them the prayer for the amounts thus stipulated for.

In our opinion, the court erred in its ruling upon the two notes in question.

This disposes of all the questions made by the appellant. We come now to that raised by the cross error.

We have seen that the third note contained an unconditional promise to pay five per cent. attorney fees. And this was allowed by the court. In this, we think the court committed no error. In the case of *Smith* v. *Silvers*, 32 Ind. 321, this court said, Frazer, C. J., delivering the opinion, " a stipulation whereby the debtor agrees to be liable for reasonable attorneys' fees, in the event that his failure to pay the debt shall compel the creditor to resort to legal proceedings to collect his demand, is not only not usurious, but is so eminently just that there should be no hesitation in enforcing it."

Doubtless, some abuses have sprung from the quite general practice of giving notes stipulating for the payment of attorney fees, and especially in cases where the amount of the fees is not specified by a percentage on the amount of the note or otherwise.

And we may suppose that the legislature, by the act before noticed, attempted to remedy such abuses. But

the act does not cover the note now under consideration. The terms of the act are too plain and unequivocal to admit of construction. Its language must be its own interpreter. It provides "that any and all agreements to pay attorney fees, depending upon any condition therein set forth, and made part of any bill of exchange," etc., "are hereby declared illegal and void."

Two things are clearly and unequivocally required to bring a case within the statute.

*First.* The agreement to pay attorney fees must depend upon a condition.

*Second.* The condition must be set forth in the instrument.

We can not assume that the legislature intended to make all agreements to pay attorney fees, made part of any bill, note, etc., illegal and void. The language employed utterly excludes such inference. If they had intended to do that, they could have simply said "all agreements to pay attorney fees, made part of any bill of exchange," etc., "are hereby declared illegal and void." The statute expressly limits the prohibition to agreements depending upon any condition set forth in the instrument.

The agreement in the note we are now considering was for the unconditional payment of five per cent. attorney fees, and is not within the statute. Herein it differs from the agreement in the first note. In the first, the agreement was to pay the attorney fees on the condition set forth in the note, viz.; if suit should be instituted on the note. Perhaps there would be an implied condition in the note we are now considering, that the attorney fees were only to be paid in case it became necessary to employ an attorney to collect it. But if so, that would not bring it within the statute. We have seen, that to bring a case within the statute, the condition must be express, for it must be set forth in the instrument.

We are, therefore, of opinion that the court did not err in its ruling upon the third note.

For the errors hereinbefore noticed the judgment below will have to be reversed.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.