## THE CITY OF LOGANSPORT ET AL. *v.* SEYBOLD.

CONSTITUTIONAL LAW.—*Statute Construed.—City.—Taxation.*—Under section 58, as amended, 1 R. S. 1876, p. 297, the power of a city to tax all property within its limits, subject to state and county taxation, is made absolute. There are no constitutional provisions restraining the power of the Legislature to confer upon cities the unlimited authority to tax all property within their limits given .by said act.

SAME.—*Power of Cities.*—Cities may exercise all powers constitutionally conferred upon them by the Legislature of the State.

SAME.— *Unjust Laws.*—A statute can not be declared unconstitutional simply because it is wrong, or unjust, or violates the spirit of our institutions.

SAME.—*Taking Private.Property for Public Purposes.*—The constitutional provision, which prohibits the taking of property for public purposes without compensation, has reference only to the taking of specific pieces of the property of an individual.

SAME.—*Motives of City in Annexing Territory.—Practice.—Injunction.*—The motives which may have induced a city to take within its corporate limits certain lands can not be inquired into, in an action to restrain the collection of taxes levied on the same by the city.

From the Cass Circuit Court.

*D. C. Justice,* for appellants.

*S. T. McConnell* and *H. C. Thornton,* for appellee.

PERKINS, J.—This is an action by the appellee, against the appellants, to restrain the collection of taxes.

The second paragraph of the complaint avers, that the plaintiff, on the 31st of December, 1872, was the owner of the lands described in the complaint, lying within the corporate limits of the city of Logansport, and containing one hundred acres in one body ; that the same are farming lands, used exclusively for agricultural purposes ; that it has never been subdivided, and is remote from the platted portions of the city ; that it was brought within the city limits for the sole purpose of subjecting it to the burdens of taxation, and to reduce the taxes on property previously within the city ; that neither the peace, good order nor prosperity of the city required that said lands should be so brought under municipal control, and that

it has not been needed for streets, alleys, town lots, etc. It is also averred, that the municipal government has imposed a tax of $200.75 for the year 1873, and that Messinger, Treasurer, is about to collect the same by sale. Prayer for injunction.

The third paragraph avers ownership of property and the levy of taxes substantially like the second paragraph, but charges that the basis of assessment for taxes for the year 1873 upon the real estate within the city was made by "some" of the members of the common council acting as a board of equalization; that no "proper" or "lawful" tax-duplicate for the year 1873 was made out by the clerk, and a copy thereof placed in the hands of the treasurer; that there was no seal; that the clerk failed to attach to the duplicate the "proper" and "lawful" warrant, commanding the levy, etc.; and that Messinger had no "lawful" warrant, writ, process or other authority commanding him to levy, etc. There is also a prayer for a temporary restraining order, and for a perpetual injunction on the final hearing.

The complaint is verified, and a temporary restraining order was granted.

The defendant filed an answer in denial of the third paragraph of complaint, and a demurrer for want of facts to the first and second paragraphs separately. Demurrer sustained to the first and overruled to the second; exceptions and answer in denial. Trial; finding for plaintiff; motion for a new trial overruled, and judgment.

The exception to the overruling of the motion is reserved.

The errors assigned are:

1st. Error in overruling demurrer to second paragraph of complaint;

2d. That the third paragraph of complaint does not state facts sufficient to constitute a cause of action;

3d. Error in overruling motion for a new trial; and,

4th. That the second paragraph of complaint does not state facts sufficient to constitute a cause of action.

Counsel for appellee, the party whose land is taxed, after noticing other points made in the case, say:

" But, at last, the real question in this case is, can municipal corporations impose a tax upon agricultural or farming lands which are remote from the city proper, and which receive no benefit from the city government? We hold that they have no such power."

Section 58 of the statute concerning cities contains this grant of power, viz.: " The common council shall have power to levy and cause to be assessed and collected in each year, an ad valorem tax of not more than one per centum for general purposes, on all property subject to state and county taxation, within such city," etc. 1 R. S. 1876, p. 297.

Prior to 1873, tracts of land, in cities, of over five acres, used for farming purposes, were exempt from city taxation. *Hamilton* v. *The City of Fort Wayne*, 40 Ind. 491. But, by the act of 1873, the statute was amended so as to read as above quoted. The grant of power to tax all property is now absolute. There are no constitutional provisions restricting the power of the Legislature to confer upon cities the unlimited authority to tax all property within their limits, given by the act of March 7th, 1873. *The City of Aurora* v. *West*, 9 Ind. 74.

The city of Logansport may exercise all powers constitutionally conferred upon her by the Legislature of the State.

In *Churchman* v. *Martin*, 54 Ind. 380, it is said: " By the constitution of the State the legislative authority is vested in the general assembly. Const., art. 4, sec. 1, 1 R. S. 1876, p. 27. When, therefore, an act of the general assembly is passed, which violates no provision of the federal or state constitution, the judicial department can not hold it to be void on the ground that

it is wrong, or unjust, or violates the spirit of our institutions." *Welling* v. *Merrill*, 52 Ind. 350.

In *Doe* v. *Douglass*, 8 Blackf. 10, where it was objected, that a statute of the State involved was unconstitutional, it was said: "If then this act is unconstitutional, it is because it infringes some restriction upon the legislative power of this State, for that power is supreme except wherein restrictions have been imposed."

The only provision of the constitution claimed to have been violated by the tax in question is that which prohibits the taking of private property for public uses, without compensation. But property may be taken for public use, by taxation. It is only the taking of specific pieces of the property of an individual that is prohibited by the constitutional provision mentioned. *The City of Aurora* v. *West*, 9 Ind. 74.

It is a logical sequence from what has been said, that the city had the power to levy and collect the tax sought to be enjoined. See, as to the right of the commissioners to annex farming lands to cities, *Stilz* v. *The City of Indianapolis*, 55 Ind. 515; *The City of Peru* v. *Bearss*, 55 Ind. 576.

The demurrer to the second paragraph of the complaint should have been sustained. It presented the question of the power of the city to tax the land in question. It admits that the land had been brought within the limits of the city. The motive which may have induced its incorporation into the city can not be inquired into in this suit.

For the error in overruling the demurrer to the second paragraph of the complaint, the judgment must be reversed, and the cause remanded for another trial.

We do not deem it necessary to notice any other question in the case.

The judgment is reversed, with costs, and the cause remanded, etc.