## SMOCK v. RIPLEY.

PROMISSORY NOTE.—*Attorney's Fees.*—An unconditional stipulation in a promissory note, providing for the payment of attorney's fees, is valid.

From the Marion Circuit Court.

*H. C. Allen*, for appellant.

*S. J. Peelle*, for appellee.

NIBLACK, J.—This was an action by William I. Ripley, against William C. Smock, before a justice of the peace, on a promissory note, as follows:

" $171.50.                    INDIANAPOLIS, January 4th, 1876.

" Thirty days after date I promise to pay to the order of W. I. Ripley one hundred and seventy-one dollars and fifty cents and ten per cent. attorney's fees, negotiable and payable at the Merchants National Bank of Indianapolis, Indiana. Value received, without any relief from valuation or appraisement laws, with interest at ten per cent. per annum from date.     *     *     *     *

" WM. C. SMOCK."

There was a judgment for the plaintiff before the justice. On appeal to the circuit court, there was a finding for the plaintiff for the amount of the note with interest, including

ten per cent. for attorney's fees, and, over a motion for a new trial, a judgment was rendered against the defendant on the finding.

The only objection urged to the finding of the court on the motion for a new trial was the allowance of the attorney's fee provided for in the note, upon the alleged ground that under the act of March 10th, 1875, Acts 1875, Reg. Sess., p. 4, the agreement to pay such attorney's fees was illegal and void, and that objection presents the only question discussed in this court.

In the case of *Churchman* v. *Martin*, 54 Ind. 380, it was, upon full consideration, held, that an unconditional promise contained in a promissory note to pay a stipulated per centum for attorney's fees was valid and binding, and might be enforced by proper legal proceedings.

The promise in the note before us to pay attorney's fees was an unconditional promise, and hence, under the authority of that case, was one that might be enforced.

The judgment is affirmed, at the costs of the appellant.