### GARVER *v.* PONTIOUS ET AL.

ATTORNEY'S FEE.—*Promissory Note.*—An unconditional stipulation in a promissory note, for the payment of an attorney's fee, is valid.

From the Hamilton Circuit Court. .

*W. Garver,* for appellant.

*A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellees.

HOWK, J.—This was a suit by the appellees, as payees, against the appellant, as the maker, of a promissory note, of which the following is a copy:

" $60.19. NOBLESVILLE, IND., Jan. 29th, 1877.

" One day after date, we jointly and severally promise to pay to the order of Pontious & Wainwright, at Citizens Bank, Noblesville, Ind., sixty 19-100 dollars, with ten per cent. interest from date, if not paid when due, and reasonable attorney's fees; value received, without any relief whatever from valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.

(Signed,) " W. GARVER."

The cause was put at issue and tried by the court, resulting in a finding for the appellees, for the amount of the principal and interest due on the note, and for an attorney's fee of ten dollars. The appellant's motion for a new trial having been overruled, and his exception saved to this ruling, judgment was rendered by the court on its finding.

Garver *v.* Pontious *et al.*

The appellant has properly assigned, as error, the decision of the circuit court in overruling his motion for a new trial. The only point made by the appellant's counsel, in his argument of this cause, is, that the court erred in finding for the appellees the amount of the attorney's fee, and that, to that extent, the damages assessed by the court were excessive. By an act approved March 10th, 1875, it was provided " That any and all agreements to pay attorney fees, depending upon any condition therein set forth, and made part of any bill of exchange, acceptance, draft, promissory note or other written evidence of indebtedness, are hereby declared illegal and void." Acts 1875, p. 4; 1 R. S. 1876, p. 149. In the case of *Churchman* v. *Martin*, 54 Ind. 380, this act was considered and construed by this court, and it was there held that " Two things are clearly and unequivocally required to bring a case within the statute.

" *First.* The agreement to pay attorney fees must depend upon a condition.

" *Second.* The condition must be set forth in the instrument."

The doctrine of the case cited was approved and followed by this court, in the more recent cases of *Brown* v. *Barber*, 59 Ind. 533, and of *Smock* v. *Ripley*, 62 Ind. 81.

In all these cases, in construing the statutory provision above quoted, it was held that an unconditional stipulation in a promissory note, for the payment of attorney's fees, is valid and binding, and may be enforced. The cases cited are decisive of the case at bar ; for the note in suit in this case, as will be seen from the copy thereof above set out, contained an absolute and unconditional stipulation for the payment of reasonable attorney's fees. The motion for a new trial was properly overruled.

The judgment is affirmed, at the appellant's costs.