## TULEY v. McCLUNG.

ATTORNEY'S FEES.—*Promissory Note.*—A stipulation in a promissory note, by which the makers " agree to pay attorney's fees for collecting the same," is valid.

From the Monroe Circuit Court.

*R. A. Fulk,* for appellant.

*J. H. Louden, R. W. Miers, F. Wilson* and *M. T. Dunn,* for appellee.

NIBLACK, J.—Samuel A. McClung, as the assignee of S. A. McClung & Co., sued Charles P. Tuley, in the court below, upon two promissory notes executed by the said Tuley and another person, under the firm name of C. P. Tuley & Co., and dated October 15th, 1876. Each note contained and concluded with the stipulation, " agree to pay attorney's fees for collecting the same."

The court tried the cause and found that there was due the plaintiff the sum of two hundred and one dollars and fifty cents for principal and interest on the notes, and the further sum of twenty dollars for attorney's fees.

Over a motion for a new trial, judgment was rendered against Tuley, upon the finding, for the aggregate sum of two hundred and twenty-one dollars and fifty cents.

Tuley has appealed, and assigned error upon the overruling of his motion for a new trial.

The only question presented upon this appeal is, as to whether the finding of the court, as to the twenty dollars for attorney's fees, is sustained by the evidence.

It is claimed that the agreements to pay attorney's fees, contained in the notes as above set out, were really upon the condition of suit being brought upon the notes respectively, and hence illegal and void within the meaning of the act of March 10th, 1875, 1 R. S. 1876, p. 149, and of the case of *Churchman* v. *Martin*, 54 Ind. 380.

The act of March 10th, 1875, above referred to, provides "that any and all agreements to pay attorney fees, depending upon any condition therein set forth, and made part of any bill of exchange, acceptance, draft, promissory note, or other written evidence of indebtedness, are hereby

declared illegal and void," having reference to such agreements as might thereafter be made.

As is seen, the provisions of this act only embrace such agreements to pay attorney's fees as depend upon conditions *therein set forth,* and not to such as might have some impliedly conditional construction placed upon them.

We think the agreements to pay attorney's fees, embodied in the notes before us, fall within the latter class of agreements, and are, consequently, not prohibited by the statutory provisions above quoted.

The agreements under consideration appear to us to have been absolute, rather than conditional, agreements, within the meaning of this statutory provision. *Churchman* v. *Martin, supra.*

We are, therefore, of the opinion, that the finding of the court below, as to the sum allowed for attorney's fees, was sustained by the evidence, and that the court did not err in overruling the appellant's motion for a new trial. *Brown* v. *Barber,* 59 Ind. 533; *Smock* v. *Ripley,* 62 Ind. 81; *Garver* v. *Pontious,* 66 Ind. 191.

The judgment is affirmed, at the costs of the appellant.