No. 9838.

BOND v. ORNDORF, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Promissory Note.—Attorney's Fees.*—In an action against a decedent's estate under the code of 1881, upon a note stipulating for the payment of attorney's fees, such fees may be recovered against the estate.

From the Knox Circuit Court.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack,* for appellant.

*T. R. Cobb* and *O. H. Cobb,* for appellee.

BEST, C.—This action was brought by the appellant against the appellee, upon a note made by the decedent on the 3d day of August, 1880, whereby he promised to pay appellant, one year after date, $340, with interest at 8 per cent., and attorney fees. After the claim reached the issue docket, an amended complaint was filed, and the case was tried since the code of 1881 went into force. Upon the trial the appellant offered to prove the services rendered

by his attorneys in the preparation and trial of the cause, as well as the value of the same, with the view of recovering such fees against the estate, but the testimony was excluded; and judgment rendered for the principal and interest of said note. This ruling was saved, and presents the only question in the record. The appellee has not filed a brief, and we do not know why this testimony was excluded.

In *Churchman* v. *Martin*, 54 Ind. 380, it was held that a stipulation for the payment of attorney fees, like the one in question was valid, and the decision has been uniformly followed since. *Brown* v. *Barber*, 59 Ind. 533; *Smock* v. *Ripley*, 62 Ind. 81; *Garver* v. *Pontious*, 66 Ind. 191; *Tuley* v. *McClung*, 67 Ind. 10.

If the decedent were living, and this suit was against *him*, there could be no doubt about appellant's right to recover such fees as had necessarily been incurred in the collection of the note, and we know of no reason why they may not be collected from his estate. As a rule, any obligation that can be enforced against a person while living may be enforced against such person's estate, and a stipulation to pay attorney fees is within the rule. No reason occurs to us why these fees may not be recovered in this action, and we, therefore, think the court erred in excluding the testimony. For this error the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things reversed, at the appellee's costs.