## I. LAUFERTY
## v.
## ROAN JOHNSON.

PROMISSORY NOTE—CONDITION TO PAY ATTORNEY'S FEE.—"Sixty days after date, I promise to pay E. C. Webster, or order, two hundred and fifty-seven dollars and seventy-five cents, payable Second National Bank, Freeport. Ill., with —— and attorney's fees." *Held,* that the condition to pay attorney's fee (amount not fixed), to become due after the maturity of the note, does not destroy its negotiability.

ERROR to the County Court of Stephenson county; the Hon. H. C. HYDE, Judge, presiding. Opinion filed December 4, 1885.

The suit was commenced in assumpsit in the county court. The declaration consists of two special counts upon an indorsed promissory note and the consolidated common counts. The two counts of the declaration declaring the promissory note not demurred to by appellee, who craved oyer of the note which was shown to him in words as follows: " Rock Run Tp., Stephenson Co., Ill., May 19, 1884. Sixty days after date I promise to pay E. G. Webster, or order, two hundred and fifty-seven dollars and seventy-five cents, payable Second National Bank, Freeport, Ill., with — and attorney's fees, value received, without any relief from valuation or appraisement laws. The drawers and indorsers severally waive presentment for payment, protest and non-payment of this note, and all defenses on the ground of any extension of the time of its payment that may be given by holders to them, or either of them. Against this note I have no offset or defense whatever.

"ROAN JOHNSON."

The note was indorsed " E. G. Webster."

The demurrer was sustained as to the two counts, and the appellant excepting, elected to stand by his two counts, when judgment was rendered against the appellant for costs. The plea of the general issue was filed as to the common counts, and the cause was submitted to the court for trial without a jury, and appellants offered in evidence the said note of which the above is a copy, which was objected to by appellee's counsel and excluded by the court, and the court thereon found the issues in favor of the defendant, and after overruling a motion for a new trial, rendered judgment against appellant for costs, and from this court this writ of error is sued out. This was all the evidence.

Mr. JAMES I. NEFF and Mr. J. H. STEARNS, for plaintiff in error; cited Nickerson v. Babcock, 33 Ill. 373; 1 Daniel on Negotiable Instruments, § 62; 14 Central Law Journal, 86.

Mr. JOHN COATES and Mr. E. P. BARTON, for defendant in error; cited 1 Parsons on Bills and Notes, 37 ; Lowe v. Bliss, 24 Ill. 168 ; Morgan v. Edwards, 53 Wis. 599 ; Cayuga County National Bank of Auburn v. Purdy, Michigan Supreme Court (unreported).

LACEY, J. The only question we need consider in this case is as to whether the words inserted in the note after the amount of the note itself is mentioned, "and attorney's fees," renders the note non-negotiable. We think it does not. These words " and attorney's fees," must mean, if they mean anything, the attorney's fees accruing and becoming due for the services of attorney performed in and about the collection of the note. It certainly can not have reference to attorney's fees due or rendered for any other purpose. If this be so, such attorney's fees can not become due until the note is collected. Then the attorney's fees are not a part of the note. It is a separate and independent agreement to pay attorney's fees after the note is due. Evidently no attorney's fees could be rendered in and about the collection of the note until it became due, and until then, nothing whatever is due or owing on the note, except the amount mentioned therein.

Were the note paid at maturity, or within the days of grace, no amount except that specifically mentioned in the note would ever be due. Therefore, there is no uncertainty about the amount of the debt mentioned in the note at the time it becomes due.

It is true that in the case of Morgan v. Edwards, 53 Wis. 599, it is said that a large number of cases have been cited which hold, that if the amount payable at maturity of the paper is fixed and certain, the instrument containing the essentials of a note, is still a note, although it contains a further promise to pay an uncertain sum for expenses or costs of collection, if not paid at maturity, or if suit be brought upon it.

We have examined many of these cases, and in all thus examined we find express stipulations that such expenses or costs are only payable, provided default be made in the payment of

the note at maturity, or unless suit be brought upon it, which implies a default.

It is true that the court holds that the note, which in its terms is like the one in this case, binds the maker to pay any attorney's fees accruing in securing and collecting the note, whether incurred before or after the maturity of the note, and, therefore, holds the negotiability of the note to be destroyed by the insertion of such clause. But in the case of Proctor v. Baldwin, 82 Ind. 370, the court, in considering the same question arising on a note similar in all its points to the one under consideration in this case, holds a different doctrine and disapproves the holding in the case of Morgan v. Edwards, which it had under review, and holds that by the condition that the attorney's fees shall be paid if the note is not paid at maturity, "is implied that only such services as may be rendered after maturity, shall be charged in the case before us; that the clear intention and understanding of the parties to the note were, that the maker would pay such attorney's fees as might be incurred by the holder of the note in its collection after it matured; that any attorney's fees that might be contracted by the holder of the note in securing it before due, were not within the contemplation of the parties at the time the note was executed, and, therefore, not within the promise. Smock v. Ripley, 62 Ind. 81; Tuley v. McClurg, 67 Ind. 10." The views held by the Indiana court meet with our entire approval. Nothing, as we have already said, could be in the contemplation of the parties in the use of the words, " and attorney's fees," other than attorney's fees rendered after the maturity of the note in its collection. The Supreme Court of Indiana, the same as the Supreme Court in this State, have held that a note with condition to pay attorney's fee, to become due after the maturity of the note, does not destroy its negotiability, though possibly the courts of this State have not passed upon the precise question presented here where the amount of the attorney's fee is not fixed, but we think that the principle is the same. Stoneman v. Pyle, 35 Ind. 103; Hubbard v. Harrison, 38 Ind. 323 ; Smock v. Ripley, 62 Ind. 81; Tuley v. McClurg, 67 Ind. 10 above.

As illustrating the tendency of the holding of the Supreme Court in this State, we cite Hill v. Todd, 29 Ill. 101; Nickerson v. Babcock, 33 Ill. 373; Clauser v. Stone, 29 Ill. 114; Houghton v. Francis, 29 Ill. 244; Childs v. Davidson, 38 Ill. 437. In opposition to the opinion here expressed, we find the Wisconsin case above cited, and Bullock v. Taylor, 39 Mich. 139, cited by appellee's counsel, and others, no doubt, may be found. But we think that the rule we have announced is the more reasonable and more in accordance with the decisions of the Supreme Court of our own State. Holding that the note was negotiable, we think the court erred in excluding it as evidence under the common counts, and in sustaining the demurrer to the first and second counts of the declaration.

Judgment is therefore reversed and the cause remanded.

Reversed and remanded.