JOHN A. RICE v. GEERT RANKANS.

[See 97 Mich. 623.]

*Bills and notes—Negotiability—Fraud—Bona fide holder—Burden of proof—Instructions to jury—Foreign statutes and reports—Evidence—Appeal—Error without prejudice.*

1. The erroneous exclusion of questions put to the plaintiff on his cross-examination is not prejudicial where he is asked the same questions when called in rebuttal, and the answers desired by the defendant to the excluded questions are drawn from the witness.

2. Where, in a suit upon negotiable notes, which the defendant

---

[1] How. Stat. § 5699.

[2] How. Stat. § 7778.

[3] How. Stat. § 7520.

claims were procured by fraud, there is no evidence tending to show that the plaintiff was guilty of any fraud in their purchase, or to contradict his statement that he bought the notes in the usual course of business, paying value therefor, the defendant is not prejudiced by an instruction which, standing alone, might leave the jury with the impression that the burden of proof was upon him to show want of good faith on the part of the plaintiff in the purchase of the notes, it appearing that the correct rule as to the necessity of the plaintiff's showing good faith, and want of notice of any imperfection in the paper, after the defendant had shown fraud in its inception, was clearly given to the jury.

3. The statutes and reports of the courts of another state are admissible in evidence under How. Stat. §§ 7508, 7509, as proof of the negotiability of notes executed in said state.[1]

---

[1] PROOF OF STATUTE LAW AND OF THE COMMON LAW OF OTHER STATES AND OF FOREIGN COUNTRIES.

For cases bearing upon the construction of—

a—3 How. Stat. § 7508, which provides that "printed copies of the statute laws and resolves of any other of the United States, or of any territory thereof, or of any foreign state, if purporting to be published under the authority of the respective governments, or if commonly admitted and used as evidence in their courts, shall be admitted in all courts and in all proceedings within this State, as *prima facie* evidence of such laws and resolves, and—

b—How. Stat. § 7509, which provides that "the unwritten or common law of any other of the United States, or of any territory thereof, or of any foreign state or country, may be proved as facts by parol evidence; and the books of reports of cases adjudged in their courts may also be admitted as evidence of such law,"—

See:

### Pleading Statute.

1. *Jones v. Palmer*, 1 Doug. 379, holding that where a defendant desires to rely upon the alleged invalidity of a contract made in another state, and so counted upon, under the law of that state, which law is not set forth in the declaration, he should plead to the declaration, and thus place himself in a position to give evidence of said law on the trial.

2. *Railway Co. v. Miller*, 19 Mich. 305, where plaintiff sued a Canadian railway company for damages on account of his expulsion from its cars at a distance from any dwelling or usual stopping-place. On the trial a statute of Canada was given in evidence, under which, as claimed,—but which claim was not

4. The cases of *Lauferty v. Johnson*, 17 Ill. App. 549, *Jones v. Hubbard*, 17 Id. 564, and *Wolff v. Dorsey*, 38 Id. 303, 305, fully establish that an instrument by which the signer, for value received, promises to pay on a designated day to the order of the payee a certain sum, with annual interest according to certain coupons attached thereto, and which provides that, if any part of the principal or interest remains unpaid at maturity, it shall bear interest at an increased rate, payable semi-annually, and that if any interest remains unpaid 20 days after due the principal shall become due and collectible at once, without notice, at the option of the holder, and for the payment of attorney's fees if suit is brought to collect principal or interest, and which states that both principal and interest are secured by a mortgage deed, which

---

averred in the declaration,—this manner of expulsion was illegal. And it was held that the Canadian statute was probably adopted on grounds of public policy, and to establish a general rule most likely to prevent suffering; but that the privilege it conferred depended entirely upon its provisions, and, as the court had no judicial knowledge of said statute, any one relying upon it must aver and prove it as a ground of recovery.

### Presumption in Absence of Proof of Statute.

1. *Jones v. Palmer*, 1 Doug. 379, holding that, where the defendant desires to avail himself of the alleged invalidity of the contract sued upon under the law of the state where it was made, he must prove to the court such law, and until such proof is made the court will test the validity of the contract by the law of Michigan; and *Crane v. Hardy*, 1 Mich. 56, holding a like doctrine.

2. *People v. Lambert*, 5 Mich. 349, holding that where, in a prosecution for bigamy, the first marriage is alleged to have taken place in another state, proof not only of a marriage in fact, but of a valid marriage, according to the laws of that state, must be made by the prosecution; and, there being evidence in the case that the law of that state on the subject of marriage is in statute form, it cannot be presumed, against the innocence of the respondent, that such statute law is like our own.

3. *Ellis v. Maxson*, 19 Mich. 186, where the defense to a suit upon a promissory note was that the plaintiff had agreed to surrender the note in consideration that the defendant would sell and convey to him a parcel of land in the state of Illinois. On the trial the defendant offered parol evidence of this contract, to which the plaintiff objected that, to be valid, it must be in writing. No proof of the laws of Illinois affecting contracts for the

constitutes a first lien on real estate in another state,—is, according to the law of Illinois, negotiable.[1]

5. Where the statutes and reports of the courts of another state are received in evidence as proof of the negotiability of certain instruments executed in that state, it is proper that the circuit judge should construe the testimony, and instruct the jury as to its effect.

6. Where a specific objection to testimony as not admissible under the declaration is sought to be raised for the first time on appeal, and the defect in the declaration, if any, could have been easily cured by amendment if the objection had been made when the testimony was offered, the objection cannot avail.

---

[1] For cases holding that certain instruments are, and that certain instruments are not, promissory notes, see *Crump v. Berdan*, 97 Mich. 293, and note.

---

sale of lands was offered. And it was held that the evidence was properly admitted; that a parol contract to sell lands was good at common law, and is only made void by statute; that, if any presumption could be made, in the absence of evidence, as to the provisions of any foreign laws, it would be that they conform in substance to the general principles of the common law; that it was unnecessary to consider how universally such presumption obtains; that it certainly could not be presumed that the legislature of another state had adopted all the Michigan statutes, and therefore the court must have proof before it could know that such state had passed any statute; that, if the contract in question was required by the statutes of Illinois to be in writing, they should have been introduced, and, in the absence of such proof, the contract was properly assumed to be valid.

4. *Worthington v. Hanna*, 23 Mich. 530, holding that, while the court cannot assume judicially to know what any foreign law is, there is no principle which will justify it in holding anything void under a foreign law which is lawful here, until the variance is shown.

### How Statute Proved.

1. *People v. Lambert*, 5 Mich. 349, where, on the trial of a respondent for bigamy, the first marriage was alleged to have taken place in New Jersey, and a witness who testified that he had been a policeman and constable in that state, and did not swear to any general knowledge of its laws, was allowed to testify what the written laws of New Jersey were in regard to marriage. And it was held that the statutes should have been proved by

Error to Ottawa.   (Padgham, J.)   Argued June 8, 1894.
Decided July 5, 1894.

*Assumpsit.*   Defendant brings error.   Affirmed.   The
facts are stated in the opinion.

*Farr & Soule,* for appellant.

*Walter I. Lillie,* for plaintiff.

MONTGOMERY, J.   The plaintiff claims to be the *bona
fide* purchaser of certain written instruments, reading as
follows:

---

copies, and that, if they needed explanation, the witness was not
in a position which qualified him to expound them.

2. *Kermott v. Ayer,* 11 Mich. 181, holding that foreign statutes
cannot be proved by parol without some showing why secondary
evidence becomes necessary, and statutes regulating the rates of
interest are no exception to this general .rule.

3. *People v. Calder,* 30 Mich. 85, where, in a prosecution for
bigamy, an attorney of the court produced upon the stand a
printed volume, purporting to be a copy of the revised statutes of
the state where the first marriage took place, and to contain the
statutory regulations on the solemnization of marriage as they
existed in 1852. The witness, after being interrogated at consid-
erable length as to his knowledge whether the legislature had
made any change between 1852 and 1869, the year in which the
marriage was contracted, testified that he could not state positively
that none had occurred, but the fair inference from his evidence
was that, if any change had been made, he would have been
likely to know of it, and that he was not aware of any alteration.
And it was held that the volume was admissible under the stat-
ute, and that the jury might fairly presume that the law, as it
was in 1852, continued to 1869, and more especially as the evidence
of the attorney tended in that direction, and the respondent
offered no proof to indicate anything to the contrary.

4. *Wilt v. Cutler,* 38 Mich. 189, where a printed volume, the
title page of which read, "Revised Statutes of the State of New
Jersey: passed in 1874.   Trenton.   Printed by order of the Gov-
ernor.   1874,"—was received in evidence over the objection that
it did not purport to be published under the authority of the
government of that state, as required by the statute. And it was
held that the intent of the statute is to prevent mere private or

"$960.00.      FIRST MORTGAGE BOND.      No. 710.
"CHICAGO, August 16, A. D. 1888.
"On the 16th day of August, A. D. 1893, for value received, I promise to pay to the order of Niels C. Fredericksen the principal sum of $960, with interest thereon at the rate of 7 per cent. per annum, payable annually, according to the tenor and effect hereof, and of five coupons hereto attached.    Both principal and interest are payable at the office of Fredericksen & Co., Chicago, Illinois.    If any part of the principal or interest remains unpaid at maturity, it shall bear interest thereafter at the rate of 10 per cent. per annum, payable semi-annually; and if any interest remains unpaid 20 days after due the principal shall become due and collectible at once, without notice, at the option of the holder.    If suit is brought to collect principal or interest, I agree to pay attorney's fees. Principal and interest are secured by a mortgage deed, which constitutes the first lien on real estate in Nobles county, Minnesota.

"G. RANKANS."

Attached to this statement were five coupons, reading as follows:

---

unauthorized publications of the statutes of another state from being admitted in evidence, but that the distinct authority for printing and publishing the laws need not appear in any case where they purport to be published under the authority of the government; and that, where (they purport to be) published under the authority and sanction of the governor of a state, they must be accepted.

5. *Kopke v. People*, 43 Mich. 41, holding that the statutes of a sister state should be proved in a more direct way than by the testimony of a lawyer of that state, and that our statutes, as well as the acts of Congress, make distinct provision on the subject.

6. *People v. McQuaid*, 85 Mich. 123, holding that the marriage laws of Pennsylvania may be proved by the introduction of Brightly's Purdon's Digest, a non-official compilation of the statutes of that state of 25 years' standing, and which is admitted in the courts of Pennsylvania as *prima facie* evidence thereof; and that a minister of the gospel of that state, authorized by statute to perform the marriage ceremony, and required as such to observe certain formulas therein prescribed, is a competent witness to identify said digest in which said statute is published, and to show the common acceptance of the publication as authority in the home courts.

" $67.20.                      CHICAGO, August 16, 1888.

"Due to the order of Niels C. Fredericksen $67.20 on the 16th day of August, A. D. 1890, without grace, payable at the office of Fredericksen & Co., Chicago, Ill., with interest at the rate of 10 per cent. per annum after maturity; this coupon note being for the interest due that day upon my note No. 710, of this date, for the payment to the order of said Niels C. Fredericksen of $960.00.

"G. RANKANS."

The other coupons were of similar import, payable at different dates, and the instruments were indorsed by the payee named.

The declaration alleges that these instruments were made and delivered in the state of Illinois, and that they constitute, under the law of that state, negotiable promissory notes; the plaintiff alleging that he bought the same for value, before maturity. The defense denied—*First,* that the instruments in question were negotiable under the law of this State; *second,* that they were negotiable under the law of Illinois; and defendant offered testimony tending to show that the notes were given without consideration, and were procured by the payee named by fraud, and, having made this proof, contends that error was committed on the trial in excluding certain examination of the plaintiff, and in the instruction given to the jury as to the necessity of proof of fraud.

Certain questions were asked on the cross-examination of the plaintiff as to whether he pursued the mortgage on the land in Minnesota. The questions were excluded. He was also asked whether he did not have a large quantity of this paper of the same kind,—some $90,000 worth,— which he sold for $3,000. This was at that stage of the case excluded, and an exception taken. While it may have been proper to receive this testimony upon cross-examination, there was no error to the prejudice of the defendant, for, when the witness was called in rebuttal,

the same questions were put, and the answers which counsel for defendant, in their brief, indicate that they desired to elicit, were drawn from the witness.

It is next urged that the court erred in instructing the jury as follows:

"Now, the defendant claims that there was fraud on the part of this plaintiff in obtaining this paper. The rule of law on this point is that fraud will not be presumed on slight circumstances, but must be clearly proved. Circumstances or mere suspicions are not enough to warrant the conclusion of fraud, and the burden of proving fraud is upon him who complains of it."

It is true, as claimed by defendant's counsel, that this instruction, standing alone, might have left the jury with the impression that the burden of proof was upon the defendant to show the want of good faith on the part of the plaintiff, which, where fraud is shown in the inception of the contract, is not a correct statement of the law. See *Conley v. Winsor*, 41 Mich. 255, 256; *Mace v. Kennedy*, 68 Id. 398; *Little v. Mills*, 98 Id. 424. But we think, under the circumstances of this case, it is unnecessary to determine whether the other portions of the charge—which were very full upon this subject, and very clearly stated that the burden of proof did shift to the plaintiff after the defendant had shown fraud in the inception of the notes—operated to cure the error in the instruction quoted, for a very careful examination of the record discloses that there was no evidence tending to show that the plaintiff was guilty of any fraud. It is true, the circuit judge submitted the question to the jury as to whether the plaintiff bought the notes *bona fide*, but we have searched the record in vain for any evidence contradictory to his statements that he bought the notes in the regular course of business, and paid 85 cents on the dollar for them. Whatever circumstances there may have been in the case, which,

the defendant might contend, tend to show some notice or knowledge on the part of the plaintiff, there were none which connected him with any fraudulent transaction; and we think that under these circumstances the defendant is not in position to complain of the instruction, inasmuch as the correct rule for the necessity for showing good faith, and want of notice of any imperfection in the paper, was so clearly given to the jury.

It is next contended that the court erred in receiving the evidence offered to prove the negotiability of the instruments. The proofs offered were the statutes and reports of the courts of the state of Illinois. These statutes and reports were admissible under How. Stat. §§ 7508, 7509.

It is also contended that the circuit judge erred in instructing the jury that the instruments in question were negotiable. The proofs offered to show the negotiable character of the notes consisted of the statutes and reports of Illinois. The cases offered in evidence (*Lauferty v. Johnson*, 17 Ill. App. 549, and *Jones v. Hubbard*, 17 Id. 564, and *Wolff v. Dorsey*, 38 Id., at page 303, and a case of the same entitling in the same volume at page 305), we think, fully establish that the note is, according to the law of Illinois, negotiable. See, also, *Chicago Railway Equipment Co. v. Merchants' Bank*, 136 U. S. 268. And, in view of the fact that the testimony was documentary, it was quite proper that the circuit judge should construe it, and instruct the jury as to its effect. It was not contradicted, and there was no duty of weighing the evidence to be performed. Under such circumstances, where the facts are undisputed, it is proper for the court to state the effect of testimony to the jury.

We do not overlook the fact that the declaration alleged that the notes were negotiable by the common law of the

state of Illinois, and it is claimed that the statute was, to some extent, relied upon. But this specific objection was not made at the time the testimony was offered, and as the defect, if any, could have been easily cured by amendment, the objection cannot avail.

We are satisfied that no error was committed, to · the prejudice of the defendant.

The judgment will be affirmed, with costs.

LONG, GRANT, and HOOKER, JJ., concurred. MC-GRATH, C. J., did not sit.