### FORSYTHE v. CITY OF HAMMOND et al.

#### (Circuit Court, D. Indiana. July 3, 1895.)

#### No. 9,215.

1. CONSTITUTIONAL LAW—LEGISLATIVE AND JUDICIAL POWERS.

 It is within the power of the legislature of a state, whose constitution denies to the legislature the power of creating municipal bodies or enlarging or contracting their boundaries by special act, and requires such changes to be provided for by general laws, to confer upon the courts the power to determine whether the conditions exist prescribed by law for the creation, enlargement, or contraction of a municipal body.

2. SAME—UNDERLYING PRINCIPLE OF RIGHT.

 A court cannot declare void an act of the legislature of a state which violates no provision of the state or federal constitution on the ground that it is wrong, unjust, or oppressive, or that it violates the genius and spirit of our institutions.

3. SAME—DUE PROCESS OF LAW—TAKING PRIVATE PROPERTY—TAXATION.

 A court cannot say that the levy of a tax, however great the hardship or unjust the burden, is a taking of property without due process of law, or without just compensation; nor that a tax is unconstitutional because its proceeds may be applied to the payment of a debt incurred in excess of a constitutional limit.

This was a suit by Caroline M. Forsythe against the city of Hammond, Ind., to enjoin the collection of a tax.

 Miller, Winter & Elam, for complainant.
 Peter Crumpacker, for defendants.

BAKER, District Judge. This is a suit to enjoin the collection of taxes levied for city purposes by the defendant city on the lands of the complainant. The question for decision is the sufficiency of the bill to entitle the complainant to the equitable relief for which she prays. The sufficiency of the bill depends upon the answers to be given to two questions:

First. Were the proceedings and judgment of the circuit court of Porter county, Ind., which adjudged the annexation of certain lands, including the complainant's, to the city of Hammond, illegal and void, or were they valid? It is contended that the judgment annexing the lands of the complainant and others to the city of Ham-

mond is void, because the creation and enlargement of municipal bodies are purely political questions, to be determined by the legislature, and not judicial, to be determined by the courts; and hence that the legislature cannot confer upon the courts power, or authority to adjudge or decree the annexation of territory to a municipal body. It is not denied that the legislature has attempted to confer such power upon the courts, but the contention is that the question of the enlargement of the limits of a municipal body is purely a political question, and that, under the constitution of this state, no power except judicial can be conferred upon the courts. Counsel for the complainant rely upon a number of authorities in support of their contention, which we here cite: Dill. Mun. Corp. § 9; 1 Beach, Pub. Corp. § 80; Stone v. Charlestown, 114 Mass. 220; People v. Bennett, 29 Mich. 451; Galesburg v. Hawkinson, 75 Ill. 152; People v. Town of Nevada, 6 Cal. 143. It must be conceded that these authorities, to which others might be added, do hold that the legislature of a state cannot confer power upon the courts to change the boundaries of such municipal bodies as cities or towns by annexing territory to or disconnecting it from them, because such acts are in their essential nature legislative and political, and not judicial; that the same power cannot be either legislative or judicial, as the legislature may be disposed to retain it or surrender it to the judiciary; and that, as it is a legislative power, the courts cannot be invested with it. It is said that whether a city, town, or village shall be incorporated, and, if incorporated, whether enlarged or contracted in its boundaries, presents no question of law or fact for judicial determination. It is, so it is said, purely a question of policy, to be determined by the legislative department. I should perhaps feel constrained to yield to the force of the reasoning of these authorities if the constitution of this state conferred power on the legislature to create such municipal bodies, or to enlarge or contract their boundaries by the enactment of special laws applicable to each particular municipal body. Such power, however, is denied to the legislature by the constitution of the state. The constitution requires the organization of cities and towns and the enlargement or contraction of their boundaries to be provided for and regulated by general laws. These laws, in the nature of things, must be prospective, and must specify the conditions on the happening of which such creation, enlargement, or contraction may be made, and must provide some tribunal to determine the existence of those conditions. The power to hear and determine whether the conditions prescribed by law for the creation, enlargement, or contraction of a municipal body exist is judicial in its nature, and may be appropriately conferred upon the courts. The creation, enlargement, or contraction of a municipal body is not the act of the court, but is the act and result of the law. The court simply determines whether the conditions are present which authorize the creation of a municipal body, or the enlargement or contraction of its limits; and, when these conditions are judicially ascertained, the law, ex proprio vigore, creates the municipal body, or enlarges or contracts its boundaries. The constitution of the state

compels the legislature to confide this power to some tribunal; and to none could it more appropriately have been confided than to the courts. It is a legitimate function of courts to ascertain and determine, the existence or nonexistence of a given state of facts. The legislature is required, as we have seen, to provide by general laws for the creation of municipal bodies, and for the enlargement and contraction of their boundaries; and no limitation has been placed upon the power of the legislature to confer upon any tribunal it may select the authority to determine when the conditions are present which shall create, enlarge, or contract municipal bodies. The power of the legislature in this regard being unlimited, it may exercise its own discretion in confiding to any tribunal it pleases the power to determine the existence of the conditions which shall give effect to the general law touching the enlargement of municipal bodies. It is thoroughly well settled that many legislative enactments are valid and constitutional which become operative upon persons and property within defined territorial limits on the happening of some future contingency. Among such enactments are laws providing for aid in the construction of railroads and other public improvements, whose operation is made dependent on the petition or vote of the electors or taxpayers of a specified locality. So, also, local option laws, making the sale of intoxicating liquors within certain territorial limits lawful or unlawful, are made dependent on the vote or petition of a certain number of electors in such localities. These enactments only become operative on the happening of conditions which must be ascertained and determined by some tribunal in the manner appointed by law. It is not perceived why the ascertainment and determination of the conditions upon which the law shall become operative within given territorial limits may not be committed to the courts. In my judgment, the legislature possessed the constitutional power to confer jurisdiction on the courts to hear and determine whether or not the requisite conditions exist to justify the annexation of territory to a municipal body. The decisions of the supreme court of this state are in harmony with these views. While this precise question has been but seldom referred to, the supreme court has, in cases too numerous to justify citation, by taking appellate jurisdiction, recognized the power of the courts to hear and determine the questions confided to them by the statute providing for the incorporation of cities and towns. In the case of Grusenmeyer v. City of Logansport, 76 Ind. 549, the court expressly affirmed the jurisdiction of the courts to hear and determine these questions; and the court there declared that these questions were judicial in their nature. This case has been cited and approved in many more recent decisions of the court. The question must be regarded as settled in this jurisdiction adversely to the contention of complainant's counsel. Besides, the supreme court of the state, in the recent case of Forsyth v. City of Hammond, 40 N. E. 267, has decided that the annexation of the lands of the complainant and others to the city of Hammond was lawfully made; and this court possesses neither the disposition nor the power to declare the annexation of the terri-

tory in question invalid. The decisions of the supreme court of the state on questions of local law are binding and conclusive on this court.

Second. It is insisted that it is evident from the facts stated in the bill that the enlargement of the boundaries of the city of Hammond over large tracts of farm and vacant lands did not have its origin in the legitimate needs of the city, but in the desire to impose the burdens of taxation upon property beyond the limits of the city de facto, as indicated by houses, streets, or other urban improvements, and without any ability or intention on the part of the city to make any compensation for the taxes so levied and collected. It is said that this is an abuse of the law, and an act of injustice and oppression, from which the courts may relieve; that it is violative of the constitutional guaranty which forbids the taking of private property for public uses without making just compensation therefor; and that, independently of this constitutional guaranty, there is a fundamental principle of right and justice in the nature and spirit of all constitutional governments, which the legislature may not disregard without overpassing its rightful authority. By the constitution, the whole legislative power of the state is vested in the general assembly. When, therefore, an act of the general assembly is passed, which violates no provision of the state or federal constitution, the courts cannot declare it void on the ground that it is wrong, unjust, or oppressive; or on the ground that it violates the genius or spirit of our institutions. Welling v. Merrill, 52 Ind. 350; Churchman v. Martin, 54 Ind. 380; City of Logansport v. Seybold, 59 Ind. 225. Courts would find themselves upon a shoreless sea, with neither chart nor compass to direct their course, if they should undertake the task of declaring statutes invalid because of their supposed conflict with the principles of natural justice, or because they were supposed to be violative of the spirit of constitutional governments. Other remedies must be invoked and applied for the correction of such evils if they should arise. The tax levy sought to be restrained does not conflict with the constitutional provisions invoked. This is settled, so far as the constitution of this state is concerned, by the case of City of Logansport v. Seybold, 59 Ind. 225; and, so far as the constitution of the United States is concerned, by the case of Kelly v. Pittsburgh, 104 U. S. 78. This court cannot say, however great the hardship, or unjust the burden, that the tax in question is the taking of the property of the complainant without due process of law, or without just compensation. It is claimed that the indebtedness of the city of Hammond is in excess of the constitutional limit, and that it is proposed to apply the taxes, when collected, to the payment of such unlawful indebtedness. But this affords no excuse for the complainant's failure to pay her taxes. If, when these taxes are paid, the city authorities shall undertake to apply them to the payment of invalid or illegal obligations, it will be time for the complainant to invoke the aid of the court to restrain such misappropriation of the corporate funds. The injunction will therefore be denied, and the bill dismissed, for want of equity, at complainant's costs.