Filed Dec. 12, 1885.

---

No. 12,125.

## Goss et al. *v.* Bowen.

Tender.—*Promissory Note.—Attorney's Fees.—Answer.*—To a complaint on a promissory note an answer to so much of it as seeks to enforce a stipulation for attorney's fees, averring a tender of the principal and interest due on the note, but failing to state the amount due at the date of the tender, and that the sum tendered was in lawful money, and not showing that such sum had been brought into court for the plaintiff, is bad on demurrer.

Attorney's Fees.—*To What Extent Contract for is Enforceable.—Promissory Note.*—The stipulation for the payment of attorney's fees becomes operative and can be enforced only when expenses have been actually and necessarily incurred in the employment of an attorney for the enforcement of collection, consequent upon the failure of the payor to keep his engagement, and then only to the extent actually paid or to be paid, or reasonably chargeable.

From the Fulton Circuit Court.

*M. R. Smith* and *E. P. Ferris,* for appellants.

*J. Rowley* and *M. A. Baker,* for appellee.

MITCHELL, C. J.—To a complaint on a promissory note, the defendants answered to so much of it as sought to enforce a stipulation allowing 10 per cent. attorney's fees for collection, in substance, that both before and after the maturity of the note they had tendered to the plaintiff the amount of the principal and interest due thereon; that the plaintiff declined to receive it, and requested them to retain the money; that on the day on which the note fell due, one of the defendants made inquiry at the plaintiff's house for him, and received information that he had gone to the State of Ohio, to be absent several days; that he then informed the plaintiff's attorney that he desired to pay the note, and was informed by him that no suit would be brought on it; that at and always since its maturity, the defendants, as the plaintiff well knew, were and had been ready and willing to pay the full amount of the note and interest; that after the offer to pay, and the refusal of the plaintiff to receive payment, he placed the note in the hands of his attorney for suit, for the sole purpose of compelling the defendants to pay the 10 per cent. attorney's fees stipulated therein.

A demurrer was sustained to this answer, and this ruling presents the only question in the record.

Admitting the facts properly pleaded in the answer to be true, as the demurrer does, it is a matter of regret that the defence against the claim for attorney's fees was not made in such manner that the court could have afforded the defendants the relief to which in good conscience they otherwise would have been entitled.

That the suit was brought not for the purpose of enforcing payment of the debt evidenced by the note, but to compel payment of the stipulated attorney's fee, is admitted. That the defendants, after the note matured and before suit brought, tendered to the plaintiff the amount of principal and interest

Goss *et al. v.* Bowen.

due thereon, although not pleaded with sufficient precision to constitute a good plea of tender, is doubtless true.

If a lawful tender had been pleaded, and the amount tendered had been brought into court, so as to have kept it good, we doubt not the court below would have held the answer sufficient. But as the answer failed to state the amount of principal and interest due on the note at the date of the tender, and that the amount was tendered in lawful money, and as it did not appear from the answer that the defendants had paid the amount tendered into court for the plaintiff, the demurrer to the answer was properly sustained. *Hazelett* v. *Butler University*, 84 Ind. 230; *Smith* v. *Felton*, 85 Ind. 223; *Eichholtz* v. *Taylor*, 88 Ind. 38.

It may be proper to add that as contracts for the payment of attorney's fees are only upheld upon the ground that they are a reasonable indemnity against loss actually and necessarily occasioned by the failure of the payor, it follows that where expenses are unnecessarily, or where none are actually, incurred, the contract can not be enforced. *Kennedy* v. *Richardson*, 70 Ind. 524; *Billingsley* v. *Dean*, 11 Ind. 331.

The stipulation for the payment of attorney's fees only becomes operative when expenses have been actually and necessarily incurred in the employment of an attorney for the enforcement of collection, consequent upon the failure of the payor to keep his engagement, and then only to the extent of the expense actually paid or to be paid, or reasonably chargeable.

Judgment affirmed, with costs.

Filed Oct. 10, 1885; petition for a rehearing overruled Dec. 12, 1885.