Filed March 16, 1893.

------

No. 651.

## MOORE, ADMX., *v.* STASER ET AL.

PROMISSORY NOTE. —*Agreement to Pay Attorney's Fees.*—*Indemnity.*—An agreement in a promissory note for the payment of attorney's fees, is in the nature of indemnity to the payee or holder, and only such sums can be recovered thereunder as the payee or holder has actually and necessarily expended or become liable for, on account of the default of the payor.

Moore, Administratrix, *v.* Staser *et al.*

SAME.—*Collection Without Suit.*—Where, upon default of the payor, the payee or holder of a promissory note has placed the note in the hands of an attorney at law for collection, and has become liable, or paid for the services rendered by such attorney concerning the collection of the note, the payor is liable for the reasonable value of the attorney's services, even though suit has not been brought.

From the Vanderburgh Superior Court.

*H. A. Yeager*, for appellant.

*W. W. Ireland*, for appellees.

CRUMPACKER, J.—The issues in this case were presented to the court below, upon an agreed statement of facts, under section 553, R. S. 1881. From the statement filed, it appears that appellant held a note against the appellees, which contained an unconditional stipulation for the payment of "attorney's fees." The note was past due, and appellant placed it in the hands of a regular practicing attorney for collection, with instructions to collect the same without delay. The attorney notified appellees, by mail, that he held the note for collection, and enclosed with the notice a statement of the amount of the note, including five per centum for collection fee.

This was a reasonable fee for the collection of the note, and appellant became liable to her attorney for its payment, but before suit was brought, appellees tendered the attorney the amount of the note, less the collection fee, in full payment thereof, which was refused and the tender was kept alive.

The trial court held that appellees were not liable for the payment of the collection fee, and gave judgment accordingly, and this is the only question presented for decision by the appeal. Agreements to pay attorney's fees in promissory notes, not dependent upon any express condition, are valid and enforceable. *Churchman* v. *Martin*, 54 Ind. 380.

Such agreements, however, are in the nature of indemnity contracts, and the promisee can only recover thereunder such sums as he has actually and necessarily expended or become liable for, on account of the default of the promisor. *Kennedy* v. *Richardson*, 70 Ind. 524; *Goss* v. *Bowen*, 104 Ind. 207.

But in this case, while it is admitted that appellees defaulted in the payment of the note, and appellant, on that account, placed it in the hands of her attorney for collection, and thereby incurred a liability of five per centum of the amount of the note, it is claimed that she could not recover because the note was not actually sued before the tender. The solution of this question must depend upon the construction of the term "attorney's fees," as contained in the note. It is insisted in support of the action of the court, that the term "attorney" has reference, when employed in the connection it is in this case, to an "attorney at law," who is defined at common law to be, one who stands for or represents another in a suit at law or some other judicial proceeding. Under this definition, professional services of an attorney at law can only be rendered in connection with some proceedings of a court of which he, by virtue of his profession, is an officer. The distinctions maintained in the English practice between attorneys, solicitors, counselors, etc., have never obtained in the courts of this country, except in a few instances. By a universal and long-established custom, a large portion of the professional business of attorneys on this side of the Atlantic is in relation to matters entirely unconnected with court proceedings, but which is of such a character as to require a knowledge of legal principles in its execution. An important factor in such business is the collection of claims without suit. It is as much the duty of an attorney to receive for collection, notes and claims to be collected without suit, if possible, as it is to bring and prosecute actions in the courts. He acts in a professional

capacity as fully in the one instance as in the other, and is liable for his failure to employ care and skill in the interest of his client, equally in both cases.

In the case of *Savings Bank* v. *Ward*, 100 U. S. 195, it was held that an attorney employed to examine the title to property, while so engaged, was acting professionally as an attorney at law. In the course of the opinion, the court said: " Persons acting professionally in legal formalities, negotiations, or proceedings by the warrant or authority of their clients may be regarded as attorneys at law within the meaning of that designation as used in this country." See, also, Mechem on Agency, section 802.

It is within the knowledge and experience of almost every lawyer that a considerable percentage of collections is made by attorneys without suit. Banks and ordinary collection agents do not assume to possess the skill and knowledge of collection laws that may be expected of an attorney, and consequently are not held to as strict an accountability for their failure to exercise skill and vigilance as the latter. Whether compensation for services performed by such agencies may be included in an agreement to pay " attorney's fees," we are not required to decide. It is conceded by counsel, that if suit had been instituted on the note without notice having been given by the attorney, appellees would have been liable for the collection fee. Under the statutes of this State, a suit is not deemed commenced until process has issued. An attorney to whom a note has been entrusted for collection by suit, often requires time for the preparation of papers, and for other steps necessary to a successful prosecution of an action, which involves labor and expense, and if the maker could escape the payment of attorney's fees, when the note provided for it, by tendering the amount of principal and interest at any time before process was actually issued, in many instances the agreement would furnish no indemnity. If the holder of such a note could not leave it with an at-

torney for collection, with instructions to indulge the maker with a further opportunity to pay it, and thus avoid the annoyance of a suit and court expenses, without losing some of his substantial rights under the contract, he could not afford to grant such indulgence, and the effect would be to multiply litigation. It is only when the holder of a note necessarily incurs a liability for attorney's fee in its collection, that the maker becomes liable therefor under the indemnity stipulation, and such necessity can never arise, except by the maker's failure to pay at maturity. If he performs his agreement, no liability will be incurred, and he should not complain at the enforcement of an agreement against him, which he could avoid by the performance of his contract. In view of these observations, it must be held that the agreement to pay "attorney's fees" covers the fee of an attorney for the collection of the note, made necessary by the default of the maker, whether suit is brought or not.

The judgment is reversed, with instructions to enter judgment upon the facts in favor of appellant.

REINHARD, C. J., dissents.

Filed November 16, 1892.


ON PETITION FOR A REHEARING.

Ross, J.—The appellee asks a rehearing in this case for the reason, as put by counsel, that the word attorney, "when applied to one for whom a fee is provided in the execution of a promissory note, means an officer of court who performs services for a litigant in a court, and not a mere collecting agent." Counsel then proceeds to say that the intent of the contracting parties was simply to pay "attorney's fees" in case suit was brought to enforce the payment of the principal of the note. He also contends that the intention must be determined from custom, and

that the custom in Indiana is not to compel the payor to pay an attorney fee except suit be instituted.

It is not within the province of courts to make contracts for parties, but to construe them; and it is their duty, in construing a contract, to arrive, if possible, at the intention of the parties as expressed by the terms of the contract itself.

It must be conceded at the outset that it was the intention of the parties to this contract, that the payors were to indemnify the payee for any sum which he might be compelled to pay to enforce the terms of said contract in the event the payors made default; and by the expression "attorney's fees" it was intended to mean such reasonable remuneration as the payee should pay, or be liable for, to an attorney at law for services rendered in the enforcement of the contract. And we do not hold that it was the intention of the parties to compel the payors to pay for services rendered by an agent simply delegated with the power of the principal in receiving the money, but we do hold that when the payor has made default, and the payee, in good faith, and for the purpose of enforcing the contract, employs an attorney at law to proceed to compel its enforcement, and such attorney renders services under such employment, the payor must indemnify the payee for such sum as the payee may become liable for by reason of such employment and services rendered.

The services contemplated by the contract, and which an attorney at law would be required to render, are not alone to prosecute an action in the courts, but such services as he may render, by reason of his special qualifications, to procure the desired result for his client, either with or without a resort to the courts to enforce such rights. If custom, as counsel asserts, has established in some parts of the State a rule that no attorney fee is collectible except a suit be commenced, it has also established a rule to the

contrary in other parts of the State. Custom is established law only when it applies universally, and not where its application relates to particular localities.

An unconditional stipulation, in a bill of exchange, acceptance, draft, promissory note, or any other written evidence of indebtedness, to pay an attorney fee is valid. *Tuley* v. *McClung*, 67 Ind. 10; *Bond* v. *Orndorf, Admr.*, 77 Ind. 583; *Harvey* v. *Baldwin*, 124 Ind. 59.

Such stipulations, however, are intended simply as an indemnity to indemnify the payee for such reasonable sum only as he may be compelled to pay, or become liable for, to an attorney at law, for services rendered by him to induce or compel the payors to fulfill their contract. *Kennedy* v. *Richardson*, 70 Ind. 524; *Goss* v. *Bowen*, 104 Ind. 207.

When a party executing a note containing an unconditional agreement to pay attorney's fees, whether the amount is a stated per cent. or undetermined, has failed to meet his obligation when due, and the payee, in good faith, and because he deems it necessary so to do in order to enforce collection, places the note in the hands of an attorney at law for collection, who renders professional services in and about the collection thereof, either by suit or otherwise, he must pay, in addition to the principal and interest, such reasonable attorney's fees as shall be sufficiently adequate to compensate him for the services rendered in order to discharge the obligation. In no event, however, shall he be liable for a greater per cent. than that stipulated in the contract, where the per cent. is stated, but when unlimited, then he shall pay a reasonable attorney fee. As above stated, the right to collect an attorney fee from a defaulting payor does not depend upon the institution and prosecution of a suit, but rather upon the question as to whether or not professional services have been rendered by an attorney at law, in or about the collection of the principal of the obligation containing the stipulation for attorney's fees. In this case the question is not

presented as to the extent of appellees' liability for attorney's fees, but simply whether or not the appellees are liable to pay any attorney's fees.

Having arrived at the conclusion that the appellant was entitled to collect attorney's fees, the petition must be overruled.

REINHARD, C. J., and LOTZ, J., dissent.

Filed March 17, 1893.