MORRISON, RESPONDENT, *v.* ORNBAUN ET AL., APPELLANT.

(No. 1,805.)

(Submitted March 2, 1904.   Decided March 14, 1904.)

*Promissory Note—Collection Without Suit—Right to Attorney's Fees.*

1.   Under Civil Code, Section 3996, as amended (Session Laws of 1899, page 124), a note made payable with reasonable attorney's fees entitles the holder to collect such fees, where the note is not paid at maturity, and it is placed in the hands of attorneys for collection, though it is not sued.
2.   The right to collect attorney's fees pursuant to the provisions of a mortgage note, where the note is not paid and is placed in the hands of attorneys for collection, though the note is not sued, is not controlled by a stipulation in the mortgage for such fees in case of suit.

*Appeal from District Court, Fergus County; E. K. Cheadle, Judge.*

ACTION by Mary A. Morrison against Maggie M. and Breck Ornbaun. From a judgment for plaintiff, defendants appeal. Affirmed.

## STATEMENT OF THE CASE.

Plaintiff commenced this action to obtain judgment against defendants for the sum of $200, alleged to be due upon a promissory note, together with an attorney's fee, and for the foreclosure of a mortgage given to secure the payment of the note. The district court sustained plaintiff's demurrer to defendants' amended answer. Defendants have appealed.

The note reads as follows: "One year after date we jointly and severally promise to pay to the order of Mary A. Morrison two hundred dollars for value received. Negotiable and payable at the Judith Basin Bank in Lewistown, Montana, with interest from date at the rate of twelve per cent. per annum until paid, and reasonable attorney's fees. The makers and endorsers hereby waive presentment, demand, protest and notice thereof."

The mortgage provided for the payment of the "costs and charges of foreclosure suit, including reasonable counsel fees to be fixed and allowed by the court."

Some months after the maturity of the note, and prior to the commencement of this suit, Messrs. Cort & Worden, attorneys for plaintiff, in whose hands the note had been placed for collection, demanded payment thereof from defendants. Thereupon defendants tendered to said attorneys the amount of principal and interest then due on the note, together with $17 which plaintiff had paid out for insurance on the mortgaged property, amounting to $251 in all. The attorneys demanded in addition thereto the sum of $20 as an attorney's fee. This sum the defendants refused to pay. In order to keep their tender good, they deposited the $251 in the Judith Basin Bank to plaintiff's

credit, and gave her notice thereof, as provided by Section 2035, Civil Code. The defendants pleaded this tender in their amended answer.

*Messrs. Blackford & Blackford,* and *Mr. F. W. Mettler,* for Appellants.

*Messrs. Cort & Worden,* and *Mr. H. S. Hepner,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the statement of the case and also the opinion for the court.

Did the attorneys for plaintiff rightfully demand an attorney's fee for the collection of the note? Counsel for defendants contend that the attorney's fee was payable only in the event of a suit brought to enforce collection of the note. The precise point has not heretofore been before this court. *Bank of Commerce* v. *Fuqua,* 11 Mont. 285, 28 Pac. 291, 14 L. R. A. 588, 28 Am. St. Rep. 461, and *Stadler* v. *First National Bank,* 22 Mont. 190, 56 Pac. 111, 74 Am. St. Rep. 582, were cases construing the negotiability of notes containing stipulations providing for the payment of attorney's fees in the event of suit. It has been a mooted question as to whether stipulations for the payment of attorney's fees in addition to the amount of the principal and interest due on the note are valid. A majority of the courts seem to hold the affirmative, while others say such contracts are usurious and against public policy. (See discussion in note to *Kittermaster* v. *Brossard,* 55 Am. St. Rep. 437; *Stanford* v. *Coram,* 26 Mont. 285, 67 Pac. 1005.)

When the note was executed, and at the time of the trial, the contract was controlled by the terms of Section 3996 of the Civil Code, as amended (Session Laws 1899, p. 124), which prescribes: "A negotiable instrument may contain a pledge of collateral security, with the authority to dispose thereof, also a provision for reasonable attorney's fee or both." The terms of the section imply that the attorney's fee may be collected without

suit, because it provides that the negotiable instrument 'may contain a pledge of collateral security, with authority to dispose thereof, and this, of course, means without suit. The payment of the attorney's fee provided for in the note now in litigation is recoverable only in case the note be not paid at maturity. Such is the evident and reasonable interpretation of the language employed. The note is payable one year after date, with interest from date. Presentment, demand, protest and notice are waived. "On the principle of *noscitur a sociis,* it clearly follows that the agreement to pay attorney's fees could only become operative after the bill had been dishonored." (*Farmers' National Bank* v. *Sutton Mfg. Co.,* 52 Fed. 191, 3 C. C. A. 1, 17 L. R. A. 595.)

Incidentally it is well to note that the legislature, since the case before us was tried in the court below, has passed an Act intended to establish a law uniform with the laws of other states relating to negotiable instruments. Section 2 of the Act provides that the sum payable by the terms of a negotiable instrument is certain within the meaning of the Act, although it is to be paid "with costs of collection or an attorney's fee, in case payment shall not be made at maturity." (Session Laws 1903, Chapter 121, p. 237.)

Almost the identical question now presented to the court was passed on in *Moore* v. *Staser,* 6 Ind. App. 364, 32 N. E. 563. In that case the court held that an agreement to pay attorney's fees covered the fee of an attorney for the collection of the note, made necessary by the default of the maker, whether suit be brought or not. On rehearing the first decision was approved. *Moore* v. *Staser,* 6 Ind. App. 368, 33 N. E. 665.

In the case at bar it is disclosed by defendants' amended answer that Messrs. Cort & Worden were attorneys for plaintiff; that, prior to the time the tender was made, they demanded payment of the note from defendants; that the note was long past due; and that the defendants did not tender any sum whatever as an attorney's fee. Inasmuch as defendants failed to tender any sum as an attorney's fee, we are not called upon to express

an opinion as to whether the fee demanded by the attorneys for plaintiff was a reasonable one; nor is it contended by defendants that Messrs. Cort & Worden are not attorneys at law, and we therefore need not determine whether the word "attorney" means any other attorney than an attorney at law. Attorneys at law usually undertake to collect the sums due on promissory notes, as a part of the business of their profession and it appears that they were doing so in this case. Defendant's answer shows that they demanded a collection fee.

The court said in *Moore* v. *Staser, supra:* "When a party executing a note containing an unconditional agreement to pay attorney's fees, whether the amount is stated per cent. or undetermined, has failed to meet his obligation when due, and the payee, in good faith, and because he deems it necessary so to do in order to enforce collection, places the note in the hands of an attorney at law for collection, who renders professional services in and about the collection thereof, either by suit or otherwise, he must pay, in addition to the principal and interest, such reasonable attorney's fees as shall be sufficiently adequate to compensate him for the services rendered, in order to discharge the obligation. In no event, however, shall he be liable for a greater per cent. than that stipulated in the contract, where the per cent. is stated; but, when unlimited, then he shall pay a reasonable attorney's fee. As above stated, the right to collect an attorney's fee from a defaulting payor does not depend upon the institution and prosecution of a suit, but rather upon the question as to whether or not professional services have been rendered by an attorney at law in or about the collection of the principal of the obligation containing the stipulation for attorney's fees. In this case the question is not presented as to the extent of appellees' liability for attorney's fees, but simply whether or not the appellees are liable to pay any attorney's fees." In our opinion, the above quotation correctly sums up the law applicable to the matter now under consideration. The stipulation respecting an attorney's fee is intended for the benefit of the payee. It may often happen that the payee, if obliged to employ an attor-

ney, will be compelled to pay the latter more than the total amount of interest due upon the note to enforce its collection. Some courts, however, assert that the attorney's fee clause in promissory notes is really beneficial to the payor, as it tends to make him more punctual. They say that, if he knows he will be compelled to assume an additional burden in case he fails to redeem the paper at maturity, he will be careful to prevent its dishonor. On the other hand, it may be safely said that a very large number, if not a majority, of those who give notes, are unable to meet them at maturity. Upon these the attorney's fee provision may work a hardship, and for them no remedy can be suggested so long as our present statute obtains,—what they need is a preventive; they should not sign notes containing such a provision.

"It may be proper to add that, as contracts for the payment of attorney's fees are only upheld upon the ground that they are a reasonable indemnity against loss actually and necessarily occasioned by the failure of the payor, it follows that where expenses are unnecessarily, or where none are actually, incurred, the contract cannot be enforced. *Kennedy* v. *Richardson,* 70 Ind. 524; *Billingsley* v. *Dean,* 11 Ind. 331. The stipulation for the payment of attorney's fees only becomes operative when expenses have been actually and necessarily incurred in the employment of an attorney for the enforcement of collection, consequent upon the failure of the payor to keep his engagement, and then only to the extent of the expense actually paid or to be paid, or reasonably chargeable." (*Goss* v. *Bowen,* 104 Ind. 207, 2 N. E. 704.)

But it is also contended by counsel for defendants that the note and mortgage must be construed together, and, as it was provided in the mortgage that an attorney's fee might be allowed in case of suit, that stipulation is controlling, in preference to the one contained in the note. Not so. In executing the note and mortgage, the parties must have contemplated these three possibilities: That the note might be paid at maturity; that it might be collected after maturity by an attorney without suit;

that it might be collected after maturity by a suit including a foreclosure of the mortgage. The provision for an attorney's fee in the mortgage was therefore only cumulative.

It occurs to us that the defendants have no cause to complain because the plaintiff endeavored to collect the amount of the note without suit. It was to the interest of both parties that it be paid without litigaion. When the plaintiff placed the note in the hands of her attorneys for collection, the evident purpose was to collect the amount due thereon without the expense of a suit, and the attorney's fee charged would in such case be much less than would be assessable in case of suit. Defendants had violated their contract—had allowed their note to become dishonored. Action might have commenced on the note immediately after maturity, at the option of plaintiff. Defendants would then have been subjected to a much heavier attorney's fee than that asked, together with considerable court costs. Plaintiff ought not now to be compelled to pay the costs and charges of collection merely because, in the first instance, she adopted the course least expensive to defendants.

It follows that the judgment should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is affirmed.