BARNES, TRUSTEE, RESPONDENT, *v.* MONTANA LUMBER & HARDWARE CO., APPELLANT.

(No. 5,239.)

(Submitted May 23, 1923. Decided June 12, 1923.)

[216 Pac. 335.]

*Conversion—Mechanics' Liens—"Structures" not Lienable— Statutes and Statutory Construction — Res Adjudicata — Judgments—Collateral Attack.*

Mechanics' Liens—"Structures"—Threshing-machine not Lienable.

    1.  *Held*, under the rule of *noscitur a sociis*, that a threshing-machine is not a "structure" within the meaning of section 8339, Revised Codes of 1921, providing for mechanics' and materialmen's liens on any "building, structure, flume," *etc.*, but that a structure to be lienable must, at the time labor is performed upon or materials are used in connection with its creation, improvement or repair upon it, be attached to land.

———

1.  Mechanics' liens on buildings or improvements as distinct from land on which located, see note in 2 Ann. Cas. 689.

[67 Mont. 481.]

Statutory Construction—Words and Phrases—*Noscitur a Sociis.*

2. Where a word, susceptible of more than one definition or meaning, is used in a statute in connection with other words, it must, under the maxim of *noscitur a sociis*, be held to partake of the element which is common to the associated terms.

Judgments—*Res Adjudicata*—Collateral Attack.

3. Under the rule that a judgment rendered without jurisdiction is a nullity and may be attacked collaterally, *held* that where the complaint in a suit to foreclose a materialman's lien upon a threshing-machine affirmatively showed upon its face that the claimant had no lien, the machine not having been lienable, a judgment in his favor was invalid, rendering it subject to collateral attack in an action for conversion to recover it back.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

ACTION by S. W. Barnes, trustee of the estate of Robert E. Garretson, bankrupt, against the Montana Lumber & Hardware Company, a corporation. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Belden & DeKalb,* for Appellant, submitted a brief; *Mr. H. Leonard DeKalb* argued the cause orally.

The question arises whether the personal property mentioned in the complaint herein falls under the head of any of the things specified in section 8339, Revised Codes of 1921, as things upon which a lien may be impressed. We may limit ourselves in the argument as to this point to the contention that the word "structure" or the phrase "or any improvements" are the only words in the statute that justify us in making our contention.

A passenger car undergoing repairs is a "structure," within the labor law (Laws 1897, p. 467, Chap. 415, par. 18), providing that a person employing another to perform labor in the erection, repairing, altering or painting of a house, building or "structure," shall not furnish or erect any improper or defective scaffolding, *etc.* The word "structure" should not be construed as limited by the words "house" and "building," but was intended to embrace all "structures" which, like unto a house or building, require the use of scaffolds, hoists, stays

or ladders in their construction, alteration or repair. (*Caddy* v. *Interborough Rapid Transit Co.,* 110 N. Y. Supp. 162, 163, 125 App. Div. 681; *Id.,* 195 N. Y. 415, 30 L. R. A. (n. s.) 30, 88 N. E. 747.)

Raw material used to construct a machine or other structure, if resolved into its original elements as lumber, *etc.,* could be shipped as such; but the machine or structure would be classified as a "structure." (*Hardaway* v. *Southern Ry. Co.,* 90 S. C. 475, Ann. Cas. 1913D, 266, 73 S. W. 1020, 1025.)

"Structure" is defined to be that which is built or constructed; an edifice or a building of any kind; in the widest sense, any production or piece of work, artificially built up or composed of parts and joined together in some definite manner; any construction. (*Favro* v. *State,* 39 Tex. Cr. 452, 73 Am. St. Rep. 950, 46 S. W. 932.)

In its broadest sense a "structure" is any production or piece of work artificially built up or composed of parts joined together in some definite manner, and in such sense a fence is a structure (*Karasek* v. *Peter,* 22 Wash. 419, 50 L. R. A. 345, 61 Pac. 33.)

The term "structure," when applied to a material thing made by human labor, means something composed of parts or portions which have been put together by human exertion; and hence an oil well, together with the derrick, engine, boiler, pumps, piping and appliances attached thereto, is a "structure," within Burns' Ann. Stats. 1894, section 7255, giving to materialmen a lien on a house, mill, *etc.,* or other structure. (*Haskell* v. *Gallagher,* 20 Ind. App. 224, 67 Am. St. Rep. 250, 50 N. E. 485.)

The terms "other structures," as used in the mechanic's lien law of Oregon of 1885, giving a lien on materials furnished for any building, bridge, fence, machinery or any other structure, includes a railway. (*Ban* v. *Columbia Southern R. Co.,* 117 Fed. 21, 31, 54 C. C. A. 407.)

"Building, structure and improvements," within the meaning of Code Civ. Proc., section 2134, providing that the in-

terest in the land, building, structure or other improvement in a leasehold interest shall be subject to lien, although the lease is forfeited, is to be construed to mean such building, structures and improvements put upon the premises by the lessee as can be removed. (*Stenberg* v. *Liennemann*, 20 Mont. 457, 63 Am. St. Rep. 636, 52 Pac. 84, 85.) (7 Words & Phrases (First Series), 6700 *et seq.*)

*Mr. Jack Briscoe,* for Respondent, submitted a brief.

We have gone over all the cases cited by counsel for appellant bearing on the point in issue that we could find and without exception they all hold that the property which is sought to be held must in some way, be attached to the soil, or a part of it, or connected with it. We find no better discussion of this subject than is found in 18 R. C. L. 881. ''Such lien laws are not intended to create liens on mere personal chattels, or property on which a common-law lien may be had, but on lands or things in some manner attached to the realty, to secure the erection of valuable structures, and protect the interest of those who may build or assist in building the same and furnish materials.'' (See, also, 18 *Id.* 923; 3 Ann. Cas. 1096; *Lumber Co.* v. *Water Co.,* 48 Kan. 182, 30 Am. St. Rep. 301, 15 L. R. A. 652, 29 Pac. 476.)

MR. COMMISSIONER BENNETT prepared the opinion for the court.

This action was determined in the court below on an agreed statement of facts. Plaintiff S. W. Barnes, trustee of the estate of Robert E. Garretson, bankrupt, sued defendant, Montana Lumber & Hardware Company, a corporation, for the conversion of a certain threshing-machine and water-tank, which was claimed by plaintiff as a portion of the bankrupt estate. The facts are that defendant had furnished to the bankrupt certain materials which were used by him in the repair of the threshing outfit, for which materials defendant had not been paid. In an attempt to secure the payment of the amount

due, defendant had caused to be executed and filed, in manner and form as provided by sections 8339 *et seq.*, Revised Codes of 1921, a claim of lien upon the threshing outfit. Prior to the appointment and qualification of plaintiff as trustee of the bankrupt estate, defendant had commenced an action seeking a foreclosure of the lien it was asserting on the property involved herein. Without the presence of plaintiff as a party defendant, and on default of the defendant therein, a decree was obtained which purported to adjudicate that a lien existed on the property, and to foreclose the same. As a result of the decree, defendant caused the property to be sold to satisfy the lien and indebtedness. Defendant bid in the property and sold it to another. Thereafter this action was commenced, which resulted in a judgment for plaintiff, from which defendant appealed.

The only question presented by the appeal which requires notice is whether or not the judgment in the former action between the defendant herein and the bankrupt was void. Since we are of the opinion that it was, we will not discuss any other phase of the case.

The lien was claimed on the threshing outfit under the [1, 2]  provisions of section 8339, Revised Codes of 1921, and by virtue of a compliance with the succeeding sections. It is claimed by defendant that under the rule heretofore announced by this court many times it is not necessary that the owner of property on which a lien is claimed have any interest in the land on which the same may be situated and that under a proper construction of section 8339, *supra,* the defendant had a lien upon the property involved. To reach this conclusion, it is necessary to determine that the word "structure," as used in the cited section, means a machine—something constructed—a combination of related parts. It is true that the word taken by itself is susceptible of such a definition. The question is whether or not it means that in the place it is used. We think not. A reading of section 8339 discloses that, with the possible exception of the word

"structure," every class of property therein enumerated is one which is of, appurtenant to, or attached to land. It would be a strained construction to say that the use of the word "structure" gave a lien upon a watch, a bicycle, a typewriter, an automobile or a threshing outfit, merely because one of the definitions of the word makes such possible.

In the case of *State ex rel. Clarke* v. *Moran,* 24 Mont. 433, 63 Pac. 390, this court, quoting from a Wisconsin case, used the language, *"Noscitur a sociis* is an old and safe rule of construction," and the rule was applied. The rule was also invoked in *McGinniss* v. *Boston & M. Con. Cop. & Silver Co.,* 29 Mont. 428, 75 Pac. 89, and *Morrison* v. *Ornbaun,* 30 Mont. 111, 75 Pac. 953. This rule for ascertaining the meaning of a word by referring to the meaning of words associated with it is commented upon in 25 R. C. L., page 995, section 239: "It is a familiar rule in the construction of terms to apply to them the meaning naturally attaching to them from their context. *Noscitur a sociis* is a rule of construction applicable to all written instruments and statutes."

As stated in Wharton's Law Lexicon: This is "a test of construction of a single word: Where there is a string of words * * * and the meaning of one of them is doubtful that meaning is given to it which it shares with the other words."

The doctrine that a word or phrase may have different meanings in different connections is applied by the United States supreme court in the cases of *Church of the Holy Trinity* v. *United States,* 143 U. S. 457, 36 L. Ed. 226, 12 Sup. Ct. Rep. 511 [see, also, Rose's U. S. Notes], and *American Security Co.* v. *District of Columbia,* 224 U. S. 491, 56 L. Ed. 856, 32 Sup. Ct. Rep. 553. When we have a case such as the one at bar, where all other associated terms share the common element of being attached to, appurtenant to, or of the land we believe the rule is particularly applicable. We are therefore, of the opinion that, as used in section 8339, *supra,* the word "structure" must be held to partake of the element

which is common to the associated terms, notwithstanding other possible definitions thereof. This is especially true since the word "structure" is ordinarily understood as meaning a building. Webster's International Dictionary, following the definition of building, says: "Building, edifice, structure agree in meaning but differ slightly in application." We do not wish to be understood as saying that the words "structure" and "building," as used in the statute, mean the same thing. We are however, of the opinion that a "structure," to be lienable, must, at the same time the labor is performed upon it or the materials are used in connection with its creation, improvement or repair, be attached to land. In other words, without partaking of that nature of fixtures which in certain instances makes them nonremovable portions of the real estate, the "structure" must be affixed to the land or be of or appurtenant to it, before a valid lien can be secured thereon.

Defendant says, however, that, notwithstanding this feature, [3] the court in the original action held that it had a valid lien upon the property, that the question is *res adjudicata,* and that that judgment may not be collaterally attacked.

The general rule on this question is stated by the United States supreme court in the case of *Elliott* v. *Piersol,* 1 Pet. 340, 7 L. Ed. 164, as follows: "Where a court has jurisdiction, it has a right to decide every question which occurs in the cause; and whether its decision be correct or otherwise its judgment, until reversed, is regarded as binding in every other court. But, if it act without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal, in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers."

The rule as stated in that case was quoted and applied in *Wilcox* v. *Jackson,* 13 Pet. 511, 10 L. Ed. 264 [see, also, Rose's U. S. Notes], the court holding that, notwithstanding the fact that registers and receivers as judicial officers have

power to decide on the facts of a pre-emption claim, "yet if they undertake to grant pre-emptions in land in which the law declares they shall not be granted, * * * they are acting upon a subject matter clearly not within their jurisdiction."

In an intervening case, *United States* v. *Arredondo,* 6 Pet. 691, 8 L. Ed. 547 [see, also, Rose's U. S. Notes], the same court said: "The power to hear and determine a cause is jurisdiction. It is *'coram judice,'* whenever a case is presented which brings this power into action; if the petitioner state such a case in his petition, that on a demurrer, the court would render judgment in his favor, it is an undoubted case of jurisdiction; whether on an answer denying and putting in issue the allegations of the petition, the petitioner makes out his case, is the exercise of jurisdiction."

Directly in line with these authorities this court, in the case of *Crawford* v. *Pierce,* 56 Mont. 371, 185 Pac. 315, stated: "Jurisdiction is the power to hear and determine the particular case presented for consideration, and to render such a judgment as the law authorizes. * * * In other words, it is the power to hear and determine the questions *coram judice* in that particular case. * * * It can acquire jurisdiction of a particular civil case only by the filing of a written complaint, * * * which, besides the formal parts, must contain a statement of the facts constituting the cause of action, in ordinary and concise language. * * * However clear and concise the statement of facts may be, if it does not disclose a case upon which the court may grant redress, jurisdiction does not attach. * * * The court cannot redress a particular wrong unless the facts constituting the wrong are made manifest to it in a written complaint, as provided by statute. It is only by this means that its general power can be brought into activity in a given case. If the pleading is not sufficient to put the defendant in the wrong, the court cannot grant redress. A judgment based upon such a pleading is invalid."

Certainly, where it affirmatively appears from the complaint that a claimant has no lien, a judgment declaring that he has such is invalid under the doctrine announced in the last-quoted case.  It may therefore be attacked collaterally.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

*Affirmed.*