## NATIONAL PARK BANK OF NEW YORK, RESPONDENT, *v.* AMERICAN BREWING CO., APPELLANT.

(No. 6,142.)

(Submitted June 2, 1927. Decided June 25, 1927.)

[257 Pac. 436.]

*Pledges—Negotiable Instruments—Payment Pending Suit to Enforce Lien—Failure to Pay Costs and Attorney's Fee— Action Survives to Recover Same.*

Pledges—Negotiable Instruments—Pledgee may Sue in Own Name.
1. Under section 8312, Revised Codes, 1921, a pledgee may sue in his own name upon a negotiable promissory note transferred before maturity as collateral security.

Same—Legal Title to Pledged Note Remains in Pledgor—Pledgee's Property Interest Depends on Possession.
2. The legal title to a promissory note pledged as security remains in the pledgor, and the pledgee's property in it depends upon his possession of it.

Same—Promissory Notes Pledged Held by Pledgor in Trust for Pledgee Deemed in Possession of Pledgee.
3. Where promissory notes executed to a bank were pledged by it to another bank but were held by the former in trust for the latter, they were as effectually in the possession of the pledgee bank at the time it brought suit to foreclose its lien as though physically in its own vault.

Same—Existence of Principal Debt Requisite to Enforce Payment of Collateral Held in Pledge.
4. Without the existence of the principal debt the pledgee cannot enforce payment of the collateral security held by him.

Same—Promissory Notes Held in Pledge and Principal Obligation Paid After Institution of Suit—Action Survives to Recover Costs and Attorney's Fee.
5. Where at the time suit was brought to foreclose a pledge on promissory notes neither the principal obligation nor the notes had been paid but were paid thereafter with the exception of costs of suit and attorney's fees provided for in the notes, the cause of action survived to recover them as a balance due on the notes.

Promissory Notes—Provision for Costs and Attorney's Fee Does not Render Sum Payable Uncertain.
6. Under section 8409, Revised Codes, 1921, the sum mentioned in a promissory note as being payable is made certain although in addition to the principal sum it calls for payment of costs and attorney's fees in case the payee has to enforce collection.

---

2. See 21 R. C. L. 649.
3. Retention by pledgor of pledged property as agent of the pledgee, see notes in 49 Am. Dec. 732; 79 Am. Dec. 500; 4 L. R. A. 306; 39 L. R. A. (n. s.) 892. See, also, 21 R. C. L. 648.
5. See 21 R. C. L. 669.

Same—Attorney's Fee—Payment of Note Without Fee Does not Discharge Note in Full—Attorney's Lien.

7.   While the client controls the course of litigation, including compromises and settlements, if a settlement is made by the client it is subject to the attorney's claim for fees, and the parties making the settlement are bound to take notice of such claim (sec. 8993, Rev. Codes, 1921); and while the obligation to pay attorney's fees in case enforced collection of a promissory note becomes necessary is imposed upon the maker in favor of the holder of the note and not in favor of the attorney, payment of the principal sum exclusive of the attorney's fee during the pendency of an action to enforce payment does not discharge the note in full.

Pledges—Contract Giving Bank Right to Sue on Pledged Notes Held by It in Trust for Pledgee Does not Deprive Pledgee of Right to Bring Action.

8.   Where a contract of pledge of promissory notes provided that pledgor bank should hold the notes in trust for the pledgee bank and authorized the former to enforce payment, the pledgee did not thereby surrender its right to bring action itself.

[1–5]   Pledges, 31 **Cyc.**, p. 799, n. 58, p. 800, n. 59, 61, p. 805, n. 6, p. 808, n. 43, p. 853, n. 81, p. 885, n. 70, 71, p. 886, n. 81, p. 887, n. 98 New, p. 888, n. 11.

[6]   Bills and Notes, 8 **C. J.**, sec. 258, p. 150, n. 56.

[7]   Attorney and Client, 6 **C. J.**, sec. 402, p. 789, n. 46, p. 790, n. 47, 48, 49.   Bills and Notes, 8 **C. J.**, sec. 840, p. 603, n. 27 New.

[8]   Pledges, 31 **Cyc.**, p. 888, n. 11.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by the National Park Bank of New York against the American Brewing Company. Judgment for plaintiff and defendant appeals. Affirmed.

*Mr. George H. Stanton,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Messrs. Cooper, Stephenson & Hoover,* for Respondent, submitted a brief; *Mr. W. H. Hoover* argued the cause orally. (See, also, brief in case of *National Bank of Republic* v. *American Brewing Co.,* post, p. 605.)

After the case had been submitted to the court appellant moved the court for permission to amend its pleadings to conform to the proof that the notes sued upon had been paid pending the trial. This motion was objected to by the attorneys for the respondent. The authorities show that facts

occurring after the commencement of the action cannot be introduced into the action by way of amendment, but that the only method by which these facts can be pleaded or evidence of them admitted in the action is by way of supplemental pleadings, whether the evidence was submitted over objection of counsel or not. (Rev. Codes 1921, sec. 9181; *California Farm & Fruit Co.* v. *Schiappa-Pietra,* 151 Cal. 732, 91 Pac. 593; *Billings Hardware Co.* v. *Bryan,* 63 Mont. 14, 206 Pac. 418; 1 C. J., p. 1150, sec. 394.)

When the National Park Bank of New York placed these notes in the hands of an attorney for collection, the obligation on the part of the American Brewing Company to pay attorney's fees arose, and they are not entitled to a release of their obligation until they have paid these fees along with the principal, interest and costs. (*Morrison* v. *Ornbaun,* 30 Mont. 111, 75 Pac. 953; *Rottman* v. *Hevener,* 54 Cal. App. 485, 202 Pac. 334; *Healy* v. *Protection Mutual Fire Ins. Co.,* 213 Ill. 99, 72 N. E. 678; *Downey* v. *Northern Pacific Ry. Co.,* 72 Mont. 166, 232 Pac. 531.)

MR. JUSTICE GALEN delivered the opinion of the court.

This action was brought by the National Park Bank of New York as plaintiff, against the American Brewing Company, to enforce collection on a pledge of two promissory notes executed by the defendant to the Stanton Trust & Savings Bank, one for the sum of $8,000 and the other for $3,500, together with interest, attorney's fees, and costs. Issue was joined by answer in substance a general denial, and the cause came on regularly for hearing before the court without a jury. At the conclusion of all of the evidence, the defendant asked and was granted leave to amend its answer to conform to the proof. The amendment so allowed reads as follows: "Defendant alleges that it has paid to Stanton Trust & Savings Bank the full amount due upon the promissory note dated December 6, 1922, for the sum of $8,000, being the note described in plaintiff's alleged first cause of action, and the

said note has been, and is, fully paid, canceled, and surrendered to the defendant. Defendant alleges that it has paid to Stanton Trust & Savings Bank the full amount of that certain promissory note, bearing date December 6, 1922, executed by the defendant in favor of said bank, for the sum of $3,500, being the note described in plaintiff's alleged second cause of action, and that said note has been paid in full, canceled and surrendered unto this defendant.''

Thereafter the court entered judgment for the plaintiff for the sum of $500, attorney's fees, and for its costs incurred in the action. The appeal is from the judgment. The only question presented for determination is whether the court erred in rendering such judgment.

It is recited in the judgment that ''the court having duly considered the pleadings and the evidence, and it now appearing to the court that, although at the time of the commencement of this action there was due upon the promissory note described in the first cause of action of said complaint the sum of $8,000, with interest at the rate of nine per cent per annum from December 6, 1922, and that there was, at the time of the commencement of this action, due upon the promissory note described in the second cause of action, the sum of $3,500, with interest at the rate of nine per cent per annum from December 6, 1922, but that during the pendency of the action payment of the principal and interest of said promissory notes was made by the defendant to the Stanton Trust & Savings Bank, a corporation, but it further appearing to the court that no payment of attorney's fees or costs has been made, and that plaintiff is entitled to recover upon said promissory notes the amount of such attorney's fees and all costs of this action.''

It appears without dispute that the notes in suit were, on or about December 6, 1922, pledged with other collateral to the plaintiff bank as security for an indebtedness of $50,000 of George H. Stanton. They were held in trust for the plaintiff by the Stanton Bank & Trust Company at the city of

Great Falls. The principal obligation not having been paid at maturity, this action was instituted on February 13, 1925, to recover the amount due on the defendant's notes, and issue was joined by an answer filed February 25, 1925. During the pendency of the cause, but before it had been brought on for trial, in April, 1925, Stanton made full payment of his indebtedness to the plaintiff, and all securities held in pledge were released to him. Subsequently the defendant paid its obligation in full to the Stanton bank on April 13, 1925. Notwithstanding such payments, made in adjustment of these obligations, this action was brought on for trial in March, 1926.

In each instance the notes provide: "In case of default in payment of this note, principal or interest (the maker) agrees to pay all costs and expenses of collecting the same, including reasonable attorney's fees to be determined and fixed by the court." And at the time of the commencement of this action neither of the notes nor interest due thereon had been paid, and since then there has been no payment made by the defendant or anyone in its behalf of any attorney's fees or costs incurred in the action. The evidence is to the effect that no request or endeavor was made by the defendant or anyone representing it, of either the plaintiff or of the Stanton Bank & Trust Company, to have the action dismissed at the time the defendant made payment of the principal and interest due on its notes to the Stanton Trust & Savings Bank, and no suggestion that it should be dismissed was made by anyone until during the progress of the trial the defendant made such insistence.

It is necessary for us to determine whether, subsequent to the institution of this action a payment made by the defendant of the principal amount of its indebtedness with interest relieved it from the obligation of paying attorney's fees and costs incurred in consequence of the action.

The authorities are in general accord that a pledgee may [1–5] sue in his own name upon a negotiable promissory note

transferred before maturity as collateral security, but we do not deem it necessary to make reference thereto, as the pledgee is expressly given such right by our statute. (Sec. 8312, Rev. Codes 1921.) And we recognize the law to be, as contended by defendant's learned counsel, that the legal title to the notes pledged remained in the pledgor; also that the pledgee's property interest in them was dependent upon possession. (*Rairden* v. *Hedrick,* 46 Mont. 510, 129 Pac. 498.) But in the case before us the physical possession of the pledged securities with the Stanton Bank & Trust Company was in trust for the plaintiff. They were as effectually in plaintiff's possession as though in fact held in its own vaults. Again, it is elementary that without the existence of the principal debt the pledgee cannot enforce payment of the collateral security. (*Averill Machinery Co.* v. *Bain,* 50 Mont. 512, 148 Pac. 334.) However, in this case, the plaintiff's rights admittedly existed when the action was commenced, for neither the principal obligation nor the amount due on these notes held in pledge had then been paid.

When the action was filed, there can be no doubt as to the plaintiff's right to maintain the same and to recover its costs and attorney's fees, as the notes expressly made provision therefor. The action having been properly brought in the first instance, the cause of action must be held to have survived for the amount remaining due on the notes, notwithstanding the payment of the principal amount with interest. Part payment did not meet the obligation occasioned by the institution of the action to pay the full obligation of the contract.

Under the Negotiable Instruments Act, the sum payable **[6]** is made certain, although requirement is made that the amount shall be paid, together with costs and attorney's fees. (Sec. 8409, Rev. Codes 1921; *Morrison* v. *Ornbaun,* 30 Mont. 111, 75 Pac. 953.) The attorney's fee provision becomes effective only in the event the maker of the note himself permits the invocation of this portion of the contract by

reason of his own failure or neglect to meet his obligation at maturity. (*Morrison* v. *Ornbaun,* supra.) As was well observed by our present Chief Justice Callaway, when serving as a commissioner of this court, in the case last cited: ''When a party executing a note containing an unconditional agreement to pay attorney's fees, whether the amount is stated per cent, or undetermined, has failed to meet his obligation when due, and the payee, in good faith, and because he deems it necessary so to do in order to enforce collection, places the note in the hands of an attorney at law for collection, who renders professional services in and about the collection thereof, either by suit or otherwise, he must pay, in addition to the principal and interest, such reasonable attorney's fees as shall be sufficiently adequate to compensate him for the services rendered, in order to discharge the obligation. In no event, however, shall he be liable for a greater per cent than that stipulated in the contract, where the per cent is stated; but, when unlimited, then he shall pay a reasonable attorney's fee.''

An attorney is given a lien from the time of the commencement of an action upon his client's cause of action, [7] which cannot be affected by any settlement between the parties themselves, either before or after judgment. (Sec. 8993, Rev. Codes 1921.) In construing and applying this statute, this court has correctly stated the law applicable, substantially as follows: That, while it is elementary that the client controls the course of litigation, including compromises and settlements, in the sense that an attorney will not be permitted to stand in the way of a settlement which his client wishes to effectuate, nevertheless the settlement so made, is subject to the claim of the attorney, and the parties making settlement are bound to take notice of such claims, and neither party will be heard to make complaint of the lien which the statute gives an attorney. (*Walsh* v. *Hoskins,* 52 Mont. 198, 162 Pac. 960.) And while the obligation to pay attorney's fees is imposed by the notes upon the maker thereof in favor

of the holder, and not the attorney (*Vaill* v. *Northern Pac. Ry. Co.*, 66 Mont. 301, 213 Pac. 446), yet a payment of the amount of the principal obligation by the maker to the payee during the pendency of an action to recover thereon by a pledgee, without reference to the attorneys or to the pending action, does not ipso facto discharge that portion of the contract whereby the maker agreed to pay a reasonable attorney's fee in addition to the principal and interest due on the notes in case of default. Under such construction of the law applicable it was proper for the suit to proceed to judgment to ascertain the balance remaining to be paid on the contracts in liquidation of the amount of attorney's fees and costs necessarily incurred by the plaintiffs. (*Downey* v. *Northern Pac. Ry. Co.*, 72 Mont. 166, 232 Pac. 531.)

However, it is vigorously argued that by independent contract, under which the notes involved were deposited and held in trust by the Stanton Bank & Trust Company, the latter bank alone had possession and exclusive right to sue thereon. In the agreement referred to, provision is made that such collateral securities "are to be lodged with first party (Stanton Bank), or its cashier, under trust receipt for collection and remittance to holder of such collateral," and the Stanton Bank is thereby empowered to sue in the name of the pledgee to enforce payment, provided that the expense of actions so commenced should be at pledgor's expense; the specific language of the agreement in this respect, relied upon, being as follows: "But first party (Stanton Bank) * * * may sue in the name of the second party bank (the plaintiff) holding any of said notes to enforce payment, but at the expense of first party." This contention is wholly without merit. While the contract provisions gave the Stanton Bank the right to hold, collect and sue upon such notes held in pledge, yet thereby the pledgee did not surrender its legal rights in this respect. It could maintain action independently as pledgee, although during the existence of the contract under

which the collateral securities were held the depositary was authorized to sue in the pledgee's name.

From all of the facts disclosed by the record, we have greatly hesitated in reaching such conclusion; but, from the undisputed facts in application of the law, we cannot do otherwise than affirm the judgment.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Myers, Stark and Matthews concur.

Rehearing denied July 16, 1927.