O'SULLIVAN, APPELLANT, *v.* BURLING ET AL., RESPONDENTS.

(No. 6,859.)

(Submitted December 4, 1931. Decided January 11, 1932.)

[6 Pac. (2d) 1103.]

*Mr. Ralph J. Anderson* and *Mr. Emmet O'Sullivan,* for Appellant, submitted a brief; *Mr. Anderson* argued the cause orally.

*Mr. W. C. Husband, Mr. L. R. Daems, Mr. N. R. Barncord* and *Mr. L. D. Glenn,* for Respondents, submitted a brief; *Mr. Husband* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted to foreclose a real estate mortgage executed by the defendants to Emmet O'Sullivan on June

7, 1927, to secure the payment of a note of even date for the principal sum of $1,000, interest bearing at the rate of 8 per cent. per annum, payable semi-annually, and maturing two years after date. The plaintiff's complaint alleges the indorsement of the note and assignment of the mortgage to the plaintiff by Emmet O'Sullivan, her husband, for a valuable consideration, and is in the usual form of mortgage foreclosure, praying, among other things, for the allowance of the sum of $250 as a reasonable attorney's fee. For answer the defendants admitted the execution of the note and mortgage, denied the assignment thereof to the plaintiff, and alleged that the purported assignment was fictitious and sham, and was made with the fraudulent design and purpose of extorting from the defendants unlawful attorney's fees. They denied the nonpayment of the principal and interest due on the note, and affirmatively alleged that at various times before the maturity of the note Emmet O'Sullivan, the plaintiff's husband and attorney, notified the defendants that the interest on the indebtedness would become due on the tenth day of December and of June of each year, and that the obligation matured on June 10, 1929; that on June 10, 1929, the defendants tendered to Emmet O'Sullivan, at his office, and to the Continental Bank & Trust Company where the note was payable, the sum of $1,041, to be delivered to the plaintiff upon surrender to the defendants of the note and a release of the mortgage; further, they alleged that the defendants were at all times after the maturity of the debt, ready, willing, and able to pay the principal and interest due, and tendered with its answer filed with the court the sum of $1,041. Issue was joined by a reply in which the plaintiff denied that the defendants had tendered to the plaintiff any sum in excess of $1,040 on June 10, 1929, and alleged that the sum of $1,040 was refused because it was insufficient to meet the amount of the principal and interest then due and made no provision for the payment of attorney's fees which had then accrued on the note.

The cause was tried to the court without a jury, after the conclusion of which the court made findings of fact and con-

clusions of law in favor of the defendants, upon which judgment was regularly entered, from which the plaintiff has appealed.

Of the several assignments of error made by the plaintiff, there is presented but one question necessary to be considered in disposition of this appeal, viz.: Did the court err in holding that the tender of payment made by the defendants was sufficient to discharge the indebtedness? Among other things, the court found that the defendants in making the deposit with the Continental Bank & Trust Company on the tenth day of June, 1929, intended to, and did, only deposit the amount of the principal and the interest due on that date, and deposited nothing on account of attorney's fees; that the defendants have never refused to pay the amount due upon the note with interest, and made due and lawful tender of the amount due on June 10, 1929; that Emmet O'Sullivan, as attorney, had not in good faith performed any professional services on behalf of the plaintiff at any time previous to the tender of payment of the obligation; and that there was no necessity, at any time, of engaging an attorney to enforce collection of the note, nor was there necessity at any time of instituting this action to foreclose the mortgage. And as conclusions of law it was held by the court that the tender and deposit on June 10, 1929, of the sum of $1,040.67 in the Continental Bank & Trust Company was sufficient in amount to discharge the note and mortgage and to prevent the accrual of further interest, costs, and attorney's fees, but the plaintiff is entitled to a judgment against the defendants for the sum of $1,041, deposited with the clerk of the court, and no more.

The findings of fact as made by the court are amply supported by the evidence; therefore they will not be disturbed on appeal, and the judgment will stand affirmed unless the court has committed an error in law. The note in suit provided, among other things, for the payment, two years after date (June 7, 1927), to Emmet O'Sullivan, of the principal sum of $1,000, at the Continental Bank & Trust Company at Harlowton, "with interest at the rate of eight per cent. per

annum, from date until maturity, and thereafter ten per cent. per annum, payable annually, and with reasonable attorney's fees in addition to other costs, in case the holder employs an attorney for collection."

The statute provides that, "in an action to foreclose a mortgage or pledge, the court must allow as a part of the costs a reasonable attorney's fee, which shall be fixed by the court, any stipulation in the mortgage or any agreement between the parties to the contrary notwithstanding." (Sec. 9798, Rev. Codes 1921.)

It is undisputed that at the time the tender of payment of the defendants' indebtedness was made to the plaintiff's attorney, no action to foreclose the mortgage or other proceeding had been instituted to collect the amount due the plaintiff, the obligation had matured, and the defendants were using their utmost endeavor in good faith to satisfy it; the only service performed by the attorney was to enter it in his files, advise Mrs. O'Sullivan of her rights, and to write a letter on June 8, 1929, addressed to the defendants, wherein he advised them that their promissory note dated June 7, 1927, became due on June 7, 1929, the day before, and that he had assigned the note and mortgage to Francisca O'Sullivan, who had placed the same in his hands for collection, and therein he stated: "There is now due on these instruments in accordance with the terms thereof the sum of $1,000 for principal and $40 for interest and $104 for reasonable attorney's fees, in all making your obligation in the total sum of $1,144. Unless the same is paid to me within five days from date foreclosure proceedings will be filed at once and in addition thereto possession of the premises will be taken under and by virtue of the terms of the mortgage." This letter was not received until after the defendants had made tender of payment on June 10, 1929, and was the only service performed by the plaintiff's attorney in advance of the institution of this action on June 24, 1929. The plaintiff's attorney, notwithstanding the tender of the amount due, with Shylock proclivities demanded in addition an attorney's fee of $104 when the maturity of the debt was but two days overdue, and before the

plaintiff had been put to any trouble or expense in collecting the obligation, and at a time when the defendants were using their utmost endeavor to pay the amount due. The plaintiff's attorney had misled the defendants as to the due date, and they were thus lulled into a feeling of security that they were in time when the tender of payment was made. Notwithstanding the fact that the tender of payment was not made until two days after maturity of the debt, we are of opinion that the demands of the plaintiff's attorney were unconscionable and in no manner justified. The defendants were near neighbors of the plaintiff and her attorney husband, and were not advised by act or suggestion that it was proposed to take such advantage of them, nor was anything said by the plaintiff or her attorney to the defendants respecting the expectancy on the part of the plaintiff that the indebtedness should be met on the very moment of its maturity. No action to foreclose the mortgage, or other action, had been instituted because of the indebtedness at the time of tender of payment, and therefore there was not and could not have been a determination by the court, as required by the statute, as to the reasonable amount of attorney's fees to be allowed the plaintiff. The assignment of the mortgage is dated May 3, 1929, and was recorded on June 24, 1929, the very day this action was commenced. From the record facts there is a strong suggestion that the transfer of the note and mortgage was made by the husband to his wife so as to mulct the defendants of the payment of an attorney's fee. The plaintiff's attitude is unconscionable, and in equity cannot be given serious consideration.

In the case of *Morrison* v. *Ornbaun*, 30 Mont. 111, 75 Pac. 953, 955, a decision written for this court by our present Chief Justice as court commissioner, he quoted with approval language employed in the case of *Goss* v. *Bowen*, 104 Ind. 207, 2 N. E. 704, which we deem pertinent here, respecting the right of the plaintiff in this action to demand and recover attorney's fees, as follows: " 'It may be proper to add that, as contracts for the payment of attorney's fees are only upheld upon the ground that they are a reasonable indemnity against loss

actually and necessarily occasioned by the failure of the payor, it follows that where expenses are unnecessarily, or where none are actually, incurred, the contract cannot be enforced. (*Kennedy* v. *Richardson*, 70 Ind. 524; *Billingsley* v. *Dean*, 11 Ind. 331.) The stipulation for the payment of attorney's fees only becomes operative when expenses have been actually and necessarily incurred in the employment of an attorney for the enforcement of collection, consequent upon the failure of the payor to keep his engagement, and then only to the extent of the expense actually paid or to be paid, or reasonably chargeable.' (*Goss* v. *Bowen*, 104 Ind. 207, 2 N. E. 704.)''

The payee of a note providing for the payment of a reasonable attorney's fee may collect only such a sum as he has actually expended or become liable for on account of the default of the promisor. ''The idea in providing for attorney's fees and costs is that, if the promisor fails to make good his promise, the promisee may collect such a sum as will leave him the actual amount due him, net.'' (*Nett* v. *Stockgrowers' Finance Corp.*, 84 Mont. 116, 274 Pac. 497, 500.)

The attorney's fee provision in the note only becomes effective in the event the maker of the note himself permits the invocation of that portion of the contract by reason of his own failure to meet his obligation at maturity. (*National Park Bank* v. *American Brewing Co.*, 79 Mont. 542, 257 Pac. 436.) And then it is to be noted, by the terms of the note as well as of the statute, the payee of the note is responsible for the payment of a reasonable attorney's fee, which must be fixed by the court upon showing made of the services performed. And where, as here, no services of consequence were rendered by the husband for his wife, and the makers of the note were using every endeavor to meet their obligation on the due date, the court was justified in denying the plaintiff allowance of an attorney's fee.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Ford, Angstman and Matthews concur.